CINCINNATI BELL, INC., APPELLEE, *v.* VILLAGE OF GLENDALE, APPELLANT.

[Cite as Cincinnati Bell v. Glendale (1975), 42 Ohio St. 2d 368.]

(No. 74-535—Decided May 28, 1975.)

*Messrs. Frost & Jacobs, Mr. Donald McG. Rose* and *Mr. Thomas A. Huser*, for appellee.

*Messrs. McCaslin, Imbus & McCaslin* and *Mr. Robert J. Imbus, Jr.*, for appellant.

*Per Curiam.* Appellant's primary contention is that the Court of Common Pleas was obligated to affirm the decision of the Board of Zoning Appeals if there was *any legal justification* for that holding. In support of such as-

sertion, appellant cites paragraph three of the syllabus in *In re Appeal of Manning* (1962), 117 Ohio App. 55, which states, in part:

"In an appeal from a decision of a board of zoning appeals to the Court of Common Pleas, the Court of Common Pleas has no power to determine the case *de novo*, but is authorized only to determine the legal justification of the board's decision * * *."

Reliance upon the language of *Manning*, however, is inappropriate. Although a hearing before the Court of Common Pleas pursuant to R. C. 2506.01 is not *de novo*, it often in fact resembles a *de novo* proceeding. R. C. 2506.-03 specifically provides that an appeal pursuant to R. C. 2506.01 "shall proceed as in the trial of a civil action," and makes liberal provision for the introduction of new or additional evidence. R. C. 2506.04 requires the court to examine the "substantial, reliable and probative evidence on the whole record," which in turn necessitates both factual and legal determinations. Clearly, the function of a Court of Common Pleas in a R. C. Chapter 2506 appeal differs substantially from that of appellate courts in other contexts.

This distinction is reflected in the test which Courts of Common Pleas apply when hearing appeals pursuant to R. C. Chapter 2506. That test is not, as appellant urges, whether *any* legal justification exists for a holding of the Board of Zoning Appeals, but rather whether the ordinance, in proscribing a landowner's proposed use of his land, bears a reasonable relationship to the public health, safety, welfare, or morals. *Euclid* v. *Ambler Realty Co.* (1926), 272 U. S. 365; *State, ex rel. City Ice & Fuel Co.*, v. *Stegner* (1929), 120 Ohio St. 418; *Curtiss* v. *Cleveland* (1957), 166 Ohio St. 509; *Willott* v. *Beachwood* (1964), 175 Ohio St. 557; *Mobil Oil Corp.* v. *Rocky River* (1974), 38 Ohio St. 2d 23; *Forest City Enterprises* v. *Eastlake* (1975), 41 Ohio St. 2d 187. R. C. 2506.04 specifically adopts such a test, providing that "[t]he court may find that the order, adjudication or decision is unconstitutional, illegal, arbitrary,

capricious, unreasonable, or unsupported by the preponderance of * * * evidence * * *.''

In the present case, the Court of Common Pleas reviewed the transcript of proceedings before the Board of Zoning Appeals, received additional stipulated evidence, and viewed the proposed building site and its environs. The court found as fact that construction of the addition requested by appellee would "have an almost miniscule effect on the immediate neighbors and on the Glendalians generally," but that denial of the permit "would have a serious effect on those presently served by the Glendale exchange and those wishing new or additional service both in and out of Glendale, and a wholly unreasonable effect on all people served by Cincinnati Bell, Inc. * * *" Based upon such finding, the court reversed the judgment of the Board of Zoning Appeals, and remanded the case to the board with instructions to issue a permit.

This court has examined the record, and concludes that the judgment of the Court of Common Pleas is fully supported by the evidence. The judgment of the Court of Appeals is therefore affirmed, and the cause is remanded to the Glendale Board of Zoning Appeals for issuance of the appropriate permit.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.