CAHILL ET AL., APPELLANTS, *v.* BD. OF ZONING APPEALS OF THE CITY OF DAYTON ET AL., APPELLEES.

(No. CA-9592—Decided March 3, 1986.)

*Don A. Little,* for appellants.
*Alan B. Schaeffer,* for appellees.

KERNS, J. On November 21, 1984, Charles Hamilton filed an application with the Board of Zoning Appeals for the city of Dayton seeking a conditional use permit and related zoning variances in order to effect an expansion of a nursing facility known as Grandview Manor. After a hearing upon objections of property owners in the immediate area of the facility, the board of zoning appeals granted the application of Hamilton, but on April 24, 1985, two property owners in the neighborhood, James Cahill and Martha Homer, appealed the decision of the board of zoning appeals to the Court of Common Pleas of Montgomery County.

Subsequently, the appellants, Cahill and Homer, requested an evidentiary hearing in the common pleas court pursuant to R.C. 2506.03, and although the request was resisted by Grandview Manor, Inc., the request for the hearing was granted, and a hearing was conducted on August 2, 1985. During these proceedings, the appellants presented no evidence, but the appellees submitted the testimony of two witnesses, Charles Aszling and Duane Fleming, neither of whom had appeared before the board of zoning appeals. Thereafter, on September 17, 1985, and upon consideration of the entire record, the common pleas court affirmed the decision of the board of zoning appeals, and from the order so entered, Cahill and Homer have appealed to this court.

The first assignment of error has been set forth by the appellants as follows:

"1. When there has been insufficient evidence presented before a Board of Zoning Appeals to justify the granting of a conditional use permit, such defect cannot be remedied by evidence presented by the applicants for such a conditional use permit at a hearing before the Common Pleas Court on an appeal from the granting of the conditional use permit by opponents of the granting of said permit."

Assuming, as argued by the appellants, that the evidence before the board of zoning appeals was insufficient to justify the granting of a conditional use permit, it also may be noted that the appellants, Cahill and Homer, requested the evidentiary hearing in the common pleas court, and under the circumstances of this case, the trial court was required to hear the appeal upon the transcript "and such additional evidence as may be introduced by any party."

R.C. 2506.03. In fact, a hearing before the common pleas court pursuant to R.C. 2506.01 "shall proceed as in the trial of a civil action," R.C. 2506.03, and in many respects, including the provision for new or additional evidence, such proceedings import many characteristics similar to those of a trial de novo. See *Dudukovich* v. *Lorain Metro. Housing Auth.* (1979), 58 Ohio St. 2d 202, 12 O.O. 3d 198, 389 N.E.2d 1113. Hence, the assignment of error is without merit.

The second assignment of error has been stated by the appellants as follows:

"2. When a certain subject matter has been covered before the Board of Zoning Appeals, such as the subject of whether or not property values will be adversely affected by the granting of a conditional use permit, further testimony on this subject matter at the hearing held before the Common Pleas Court does not constitute 'additional evidence' as contemplated by Section 2506.03, Revised Code."

In support of this alleged error, the appellants contend that the testimony of the witnesses, Aszling and Fleming, neither of whom testified before the board of zoning appeals, did not constitute "additional evidence" as contemplated by R.C. 2506.03, and this contention is apparently based in turn upon the fact that others had already testified at the administrative hearing as to the effect of a conditional use permit on property values.

As used in the statute, however, the language "additional evidence" makes no reasonable allowance for construction, and statutes are ordinarily given a literal and natural meaning unless a contrary intention appears. 50 Ohio Jurisprudence 2d (1961) 156-157, Statutes, Section 181. Here, the record on appeal fails to disclose that any conclusions of fact were filed with the trial court, and therefore, the exception set forth in R.C. 2506.03 applies without regard to the particular nature of the new matter submitted in the common pleas court. See *SMC, Inc.* v. *Laudi* (1975), 44 Ohio App. 2d 325, 73 O.O. 2d 378, 338 N.E. 2d 547.

While the introduction of "additional evidence" between the board of zoning appeals and the common pleas court obviously could lead to anomalous results, a similar procedure was long recognized in Ohio prior to the abolition of law and fact appeals. Accordingly, the second assignment of error is overruled.

The third assignment of error, which challenges the weight and sufficiency of the evidence, has been presented by the appellants as follows:

"3. The judgment of Montgomery County Common Pleas Court was against the weight of the evidence in finding that the granting of the conditional use permit, and the construction of the expanded nursing home pursuant thereto, would not adversely affect property values in the immediate area because the testimony came from a witness who was completely unfamiliar with property values in the area."

With reference to this alleged error, it perhaps should be noted at the outset that this court has a narrower scope of review under R.C. 2506.04 than the common pleas court. More specifically, this court is limited to a determination of whether the trial court overstepped its bounds in assessing the probative value of the evidence. See *Dudukovich* v. *Lorain Metro. Housing Auth.* (1979), 58 Ohio St. 2d 202, 12 O.O. 3d 198, 389 N.E.2d 1113. The language of R.C. 2506.04 permits the trial court to weigh the evidence "on the whole record" while confining this court to a review solely "on questions of law." Therefore, our role is the same as in the usual appeal, and our inquiry is limited to a determination of whether the conclusion of the common pleas court was erroneous as a matter of law. See *Kisil* v. *Sandusky* (1984), 12 Ohio St. 3d 30, 12 OBR

238

26, 465 N.E.2d 848; *Cincinnati Bell, Inc.* v. *Glendale* (1975), 42 Ohio St. 2d 368, 71 O.O. 2d 331, 328 N.E.2d 808.

A perusal of the record refutes the claim of the appellants that the witness, Aszling, was completely unfamiliar with the property values in the area of the proposed zoning change, and upon the whole record, this court cannot say that the judgment of the common pleas court was against the manifest weight of the evidence. Among other things, Aszling, a real estate broker and expert witness, testified that he had been involved in the purchase of twelve to fifteen residential properties within a two block area of the proposed nursing facility within a period of two years prior to the application, and his testimony generally reflects some unusual knowledge of and familiarity with the housing in the neighborhood. The third assignment of error is overruled.

The fourth assignment of error is dependent upon the following allegation:

"4. The trial court erred in affirming the decision of the Board of Zoning Appeals to grant a conditional use permit when neither the Board of Zoning Appeals nor the trial court made the specific findings of fact directly based upon the particular evidence required by Section 150.457 of the Codified Ordinances of the City of Dayton, Ohio."

The appellants properly and correctly observe that Section 150.457 of the Codified Ordinances of the City of Dayton required the board of zoning appeals to make specific findings of fact before granting a conditional use permit, and its failure to do so in this case undoubtedly added to the responsibility and difficulty encountered by the common pleas court during the review process. However, the evidence was sufficient to show that Grandview Manor, Inc. had complied with the conditions imposed by Section 150.457, and nothing otherwise projects from the record to suggest that the common pleas

court did not apply the standard of review imposed by R.C. 2506.04, which was to determine whether there existed a preponderance of reliable, probative, and substantial evidence to support the conclusion of the board of zoning appeals. See *Cincinnati Bell, Inc.* v. *Glendale, supra; Dudukovich* v. *Housing Auth., supra.* Since the evidence was sufficient to overcome the void created by the failure of the administrative agency to make specific findings of fact, the trial court was not without the statutory power to find that the decision of the board of zoning appeals was supported by the record presented on appeal. Hence, the fourth assignment of error is overruled.

Finding no prejudicial error in the record, and with due regard for the limited function of this court in an appeal from an order entered pursuant to R.C. 2506.04, the judgment of the common pleas court will be affirmed.

*Judgment affirmed.*

BROGAN, P.J., and WILSON, J., concur.