In re ANNEXATION OF CERTAIN TERRITORY to the Village of Paulding.

[Cite as *In re Annexation of Certain Territory* (1992), 82 Ohio App.3d 377.]

Court of Appeals of Ohio,
Paulding County.

No. 11–91–16.

Decided Sept. 10, 1992.

378

*Gary F. Kuns* and *Robert C. Battin,* for appellants.

*James M. Sponseller,* for appellees.

EVANS, Judge.

This is an appeal by the Trustees of Paulding Township from a decision of the Common Pleas Court of Paulding County reversing a decision of the Paulding County Board of Commissioners and granting the annexation of certain lands to the village of Paulding.

On November 19, 1990, a petition for the annexation of certain property located in Paulding Township and adjacent to the village of Paulding was filed pursuant to R.C. 709.02 *et seq.* in the office of the Paulding County Board of Commissioners ("commissioners"). Nine of the fourteen adult freeholders owning property in the area signed the petition requesting annexation. The petition named Richard Wilson as the agent for the landowners seeking annexation.

The commissioners held a public hearing on the annexation, which the Paulding Township Trustees attended. Testimony for and against the annexation was presented. By resolution dated March 18, 1991, the commissioners denied the annexation request.

Upon denial of the petition, the landowners ("petitioners") appealed to the court of common pleas pursuant to R.C. Chapter 2506. The court conducted a hearing on the annexation on August 19, 1991. Finding the commissioners' decision to be unsupported by a preponderance of substantial, reliable, or probative evidence, the common pleas court reversed the decision and granted the annexation request.

From this reversal granting annexation, the Paulding Township Trustees ("trustees") appeal, asserting three assignments of error.

## FIRST ASSIGNMENT OF ERROR

"The common pleas court herein erred as a matter of law and abused the discretion accorded by Ohio Revised Code Section 2506.03 by the manner in which it allowed additional examination of witnesses and supplemental witnesses at the hearing provided for under Ohio Revised Code Section 2506.03, when said evidence was either already contained in the record of the hearing before the county commissioners, or was in the form of testimony from witnesses that the petitioners for annexation, through counsel, chose not to examine at the hearing held before the county commissioners."

R.C. Chapter 2506 authorizes the common pleas court to hear appeals from decisions of administrative officers, agencies, commissions, bureaus, boards, etc. R.C. 2506.03 provides that the hearing of such an appeal shall proceed "as in the trial of a civil action," but confines the reviewing court's consideration to the transcript of all the original papers, testimony, and evidence

offered, heard, and taken into consideration in issuing the decision from which the appeal was taken, unless any of several listed circumstances apply. When, as in the present case, the common pleas court is permitted to hear additional evidence, R.C. 2506.03 further instructs the court as follows:

" * * * the court shall hear the appeal upon the transcript and such additional evidence as may be introduced by any party. At the hearing, any party may call, as if on cross-examination, any witness who previously gave testimony in opposition to such party."

The trustees, as appellants herein, assert that the common pleas court abused its discretion in hearing additional evidence which was repetitive to the testimony presented to the commissioners. The trustees also complain that the court should not have allowed the petitioners to call and examine witnesses at the court hearing which the petitioners chose not to call or examine at the hearing before the commissioners.

■ R.C. 2506.03 contains a liberal provision for the introduction of new or additional evidence to be heard by a reviewing court. *Cincinnati Bell, Inc. v. Glendale* (1975), 42 Ohio St.2d 368, 370, 71 O.O.2d 331, 332, 328 N.E.2d 808, 809. R.C. 2506.03 does not limit the parties' right to request that additional evidence be presented. On the contrary, either party may request, or the court on its own motion may require, that additional evidence be presented. *SMC, Inc. v. Laudi* (1975), 44 Ohio App.2d 325, 330, 73 O.O.2d 378, 381, 338 N.E.2d 547, 551.

■ In the present case, because the commissioners failed to file conclusions of fact supporting their resolution denying the annexation, the common pleas court was permitted to hear and consider evidence in addition to the transcript of the hearing before the commissioners. R.C. 2506.03(A)(5).

■ R.C. 2506.03 permits "such additional evidence as may be introduced by any party." Words in a statute must be given their common, plain, and ordinary meaning unless a contrary intention clearly appears or is otherwise indicated. 85 Ohio Jurisprudence 3d (1988) 254–255, Statutes, Section 241. See, also, *Cahill v. Dayton Bd. of Zoning Appeals* (1986), 30 Ohio App.3d 236, 30 OBR 394, 507 N.E.2d 411. Considering the ordinary meaning of the terms in R.C. 2506.03, we conclude this section does not limit the parties in an appeal to only calling witnesses who previously testified. Such a requirement would severely limit the reviewing court's ability to obtain information additional to the transcript of the hearing before the commissioners. We conclude that the petitioners could call a witness to testify at the court hearing even if that witness was not called to testify at the hearing before the commissioners. In this way the reviewing court, in considering the appeal, will have both the

transcript of the hearing before the commissioners and the additional evidence presented at the court hearing.

■ Nor do we agree with the trustees' contention that R.C. 2506.03 limits a party to calling only witnesses who testified in opposition to the party. The statute should not be read in such a narrow fashion. Rather, the statute allows a party to call, as if on cross-examination, any witness, even if that witness previously testified against the party. Applying this rationale to the present case, the petitioners were permitted to call witnesses at the court hearing who may have testified against the annexation at the hearing before the commissioners.

The common pleas court did not abuse its discretion in allowing the presentation of petitioners' evidence at the court hearing. The court's allowing additional evidence does not indicate that the court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142.

Appellants' first assignment of error is overruled.

## SECOND ASSIGNMENT OF ERROR

"The common pleas court herein erred as a matter of law in that said court improperly treated the matter before it as a trial *de novo* and therefore failed to accord the county commissioners' decision denying the petition for annexation herein, the presumption of validity that is required by Ohio Revised Code Section 2506.04."

In this assignment of error, the trustees contend the common pleas court, by characterizing the hearing it conducted as *"de novo,"* improperly substituted its judgment for that of the commissioners' rather than acting as a reviewing court.

■ Although the court characterized the proceeding as a *"de novo"* hearing, such designation does not indicate that the court failed to follow the statutory procedures in reviewing the commissioners' denial of the annexation. The Supreme Court of Ohio has indicated that although a hearing before the court of common pleas pursuant to R.C. 2506.01 is not *de novo*, it often in fact resembles a *de novo* proceeding. *Cincinnati Bell, Inc. v. Glendale,* (1975), 42 Ohio St.2d 368, 370, 71 O.O.2d 331, 332, 328 N.E.2d 808, 809. *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 206–207, 12 O.O.3d 198, 201, 389 N.E.2d 1113, 1116. This type of hearing conducted by the common pleas court has also been termed a "hybrid" form of review. *Harvey v. Cincinnati Civ. Serv. Comm.* (1985), 27 Ohio App.3d 304, 27 OBR 360, 501 N.E.2d 39. Because R.C. 2506.04 requires the court to

examine the "substantial, reliable and probative evidence on the whole record," the court must apply the law to the evidence that was presented to the commissioners and act as the fact finder in regard to the new evidence; then, reviewing the entire record, the court must determine whether the commissioners' determination was "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence." *Id.*

■ We do not find the court's characterization of the hearing as *"de novo"* to be prejudicial error. The record on appeal indicates the court considered the evidence adduced at both the hearing before the commissioners and the court hearing. This is demonstrated by the court's findings of fact which make reference to matters not discussed at the court hearing. For example, the court relied on the testimony of the Paulding County Auditor given at the hearing before the commissioners to make the factual finding that the tax rate for the area to be annexed would increase if the area were annexed into the village of Paulding.

We find no merit in appellants' assertions that the court of common pleas was not acting as a court of review. Accordingly, this assignment of error is overruled.

### THIRD ASSIGNMENT OF ERROR

"The common pleas court herein erred as a matter of law in reversing the county commissioners' denial of the petition for annexation herein and in finding that the general good of the territory sought to be annexed will be served if the annexation petition is granted, and in finding that the county commissioners' decision was not supported by the preponderance of substantial, reliable, and probative evidence on the whole record."

The trustees complain the common pleas court's reversal of the commissioners' decision denying the annexation request was contrary to law because the general good of the land to be annexed will not be served by the annexation of the land into the village of Paulding.

■ In determining whether to grant a petition for annexation, the county commissioners must consider the factors identified in R.C. 709.033. *Lariccia v. Mahoning Cty. Bd. of Commrs.* (1974), 38 Ohio St.2d 99, 67 O.O.2d 97, 310 N.E.2d 257. One such consideration is whether "the general good of the territory sought to be annexed will be served if the annexation petition is granted." R.C. 709.033(E).

The standard to be employed by a court of common pleas in reviewing a board of county commissioners' decision whether to grant an annexation petition is established in R.C. 2506.04, which reads:

"The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause * * *."

Although the determination of whether the annexation would serve the general good of the territory is a factual finding to be made by the county commissioners, this determination can be overturned by the court of common pleas upon a finding that the commissioners' decision is " * * * unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." R.C. 2506.04. See In re Petition for Annexation of 141.8 Acres (1985), 24 Ohio App.3d 215, 216, 24 OBR 392, 394, 494 N.E.2d 1165, 1167. In determining whether a preponderance of reliable, probative and substantial evidence exists, the reviewing court must consider the evidence in the record and whatever additional evidence was admitted pursuant to R.C. 2506.03. Dudukovich v. Lorain Metro. Hous. Auth. (1979), 58 Ohio St.2d 202, 207, 12 O.O.3d 198, 202, 389 N.E.2d 1113, 1117. This does not mean that the reviewing court may substitute its judgment for that of the commissioners; rather, if a preponderance of reliable, probative and substantial evidence exists, the reviewing court must affirm the decision; if it does not exist, the court may reverse, vacate or modify the decision, or remand the case. Id.

An appellate court has a limited function in determining whether a common pleas court correctly applied the standard of review. Id. R.C. 2506.04 only allows an appellate court to consider appeals from a decision of the common pleas court on questions of law. Thus, in considering the trustees' third assignment of error, we must affirm the court's decision unless this decision is unsupported by the facts as a matter of law.

We do not find the common pleas court's determination that the general good of the territory to be annexed would be better served by annexation to be unsupported by the facts. There was sufficient evidence to support the court's findings. Although the services received by the territory to be annexed are not currently deficient, the annexation would serve the general good of the territory sought to be annexed. This is exemplified in the testimony that the area would receive enhanced police protection, the benefits

of immediate zoning and additionally reduced speed limits, as well as additional street lighting.

Appellants' third assignment of error is overruled.

Having found no error prejudicial to the appellants herein, in any of the particulars assigned and argued, the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

SHAW and THOMAS F. BRYANT, JJ., concur.