OPINION
The appellants, E. Marion and Georgia Seaman ("appellants"), appeal the judgment of the Logan County Court of Common Pleas affirming the decision of the Richland Township Board of Zoning Appeals ("Board") to grant a variance to Jeffrey and Martha Negley for the construction of a house. For the following reasons, we reverse the decision of the trial court.
The pertinent facts and procedural history in this matter are as follows. Since 1991, the appellants and the Negleys have owned contiguous and adjacent waterfront properties located on Maple Lane, Belle Center, Ohio. Both properties contain cottages that were non-conforming under the zoning regulations adopted November 20, 1987.
On June 10, 1999, a tree fell on the Negleys' cottage causing substantial damage to the roof. Instead of repairing the damage, the Negleys had the entire cottage torn down and the foundation removed. In November of 1999, pursuant to the 1987 Richland Township Zoning Resolution, the Negleys filed an application for variance with the Board of Zoning Appeals. They were requesting two variances, a street side variance and a lakeside variance, in order to build a new two-story structure on the property.
On December 21, 1999, a public hearing was held at which the appellants opposed the Negleys' application. On January 4, 2000, the Board voted to grant the Negleys the variances on the street side and approved the lakeside variance contingent on their purchase of a portion of land[1]
owned by the State of Ohio.
The appellants appealed the Board's decision to the Logan County Court of Common Pleas and on May 17, 2000, the trial court affirmed the decision of the Board. It is from this judgment that the appellants now appeal, asserting five assignments of error.
 Assignment of Error No. 1
The Richland Township Board of Zoning Appeals and the trial court erred in failing to apply specific non-conforming zoning restrictions relating to the expansion of non-conforming uses contrary to the facts herein and Section 450 and contrary to the zoning scheme of the Richland Township Zoning Resolution.
 Assignment of Error No. 2
The Richland Township Board of Zoning Appeals and the trial court erred in failing to apply specific non-conforming zoning restrictions by not applying Section 430 of the zoning resolution as it relates to "lot area" and variances as they relate to non-conforming lots of record.
 Assignment of Error No. 3
The Richland Township Board of Zoning Appeals and the trial court erred in granting an area variance, when neither the zoning board nor the trial court considered the factors set forth in Duncan v. Middlefield, (1986),23 Ohio St.3d 83 to determine whether the property owners encountered "practical difficulties" in the use of their property.
 Assignment of Error No. 4
The Richland Township of Boarding Appeals and the trial court erred by including land area not within a zoning district or within the official zoning map boundaries in its calculation of the "maximum percentage of lot to be occupied;" the "minimum lot size;" and the "side yard" set back requirements.
 Assignment of Error No. 5
The trial court erred in failing to apply "Section 1016 Architectural Projections" in the application of the maximum percentage of lot to be occupied provision of the zoning resolution.
We find that the assignments of error are interrelated and will therefore treat them collectively.
This appeal was taken pursuant to R.C. 2506.01 et seq. The Board of Zoning Appeals did not make specific findings. The common pleas court in accordance with R.C. 2506.03 elected to hear evidence in addition to the transcript filed in accordance with R.C. 2506.02. As that court ably points out, its review involves a hybrid analysis, applying the law to the evidence presented to the zoning board and acting as a finder of fact in regard to the new evidence admitted under R.C. 2506.03. That court then must determine whether the board's decision was "* * * illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order * * * or remand the cause * * *". That judgment may be appealed on questions of law to this court. The function of this court is then to determine whether the common pleas court correctly applied its standard of review. Mad River Sportsman's Club v. Jefferson Twp. Bd. OfZoning Appeals (1993), 92 Ohio App.3d 273, 277.
The Board of Zoning Appeals granted the Negleys' request for a variance granting "relief from the requirement to locate our building 30 feet from the lot line toward the street and 30 feet from the lot lines towards the lake." Sections 543 and 544 of the Zoning Resolution of the Township of Richland, Logan County, Ohio provides that the Board of Zoning Appeals may authorize a variance when "special conditions" peculiar to the land and not created by actions of the applicant would result in an unnecessary hardship and would deprive the applicant of rights enjoyed by other property owners in the zoning district. This language is also set forth as requirements on the very Application For Variance signed by the applicants, the Negleys, on November 21, 1999. In a letter accompanying the application the applicant states that the variance is requested to replace the cottage that was razed due to severe damage when a tree fell across the roof of the existing cottage. The letter then speaks of relocating a new building on the same lot but with different lot lines because of the "impossibly small building area permitted by the zoning regulations."
We must consider that the property being considered had a nonconforming structure upon it when the zoning resolution was adopted in 1987. That nonconforming structure as described in Section 450 of the Zoning Resolution continued in its same condition until the tree struck it. Section 450 requires that such a nonconforming structure not be altered or enlarged. If it was destroyed by fire or an Act of God it could, after approval by the Board of Zoning Appeals, be reconstructed, as itpreviously existed. Section 470 provides that the original nonconforming structure could have been repaired, strengthened and restored to a safe condition provided that the cubic content existing when it becamenonconforming shall not be increased.
The testimony of Jeffrey Negley at the December 21, 1999 meeting of the Richland Township Board of Zoning Appeals was that when the tree fell upon the cottage it was not declared destroyed or a total loss. (T. P. 19). An insurance claim was made only for repair damages. The razing of the cottage and the foundation was a voluntary act by the Negleys in an effort to do what they thought was best for them under the circumstances. They would not lose the benefit of the lot because they could rebuild the cottage as it previously existed but they would not have the opportunity to do as they wanted with the lot. (T.P. 22).
As Section 543 spells out, "Variances shall not be granted on the grounds of convenience or profit, but only where strict application of the provisions of this Resolution would result in unnecessary hardship." Thus, the Negleys have not set forth in the application the required hardship and have testified that the special circumstances were the result of their action to do what they thought was best.
Section 544 provides that a variance shall not be granted until a written application is submitted and that it must contain a "narrative statement" demonstrating that the requested variance conforms to the certain specified standards. The application fails to set forth that requirement.
In addition, Section 544 provides that "a variance shall not be granted unless the Board makes specific findings of fact based directly on the particular evidence presented to it, which support conclusions that the standards and conditions imposed by subsection 4 of this section have been met by the applicant." The Board of Zoning Appeals made no such specific findings. The trial court in upholding the decision of the Board also fails to make any such specific findings.
 The trial court reasoned that since R.C. 2506.03(5) provides that the common pleas court may take additional evidence if the board failed to file, with the transcript, its conclusions of fact supporting the decision, the trial court did accept additional evidence and based upon Cahill v. Board of Zoning Appeals of City of Dayton (1986), 30 Ohio App.3d 236, no prejudice follows.
 In this case, as in Cahill, the requirement that the Board of Zoning Appeals make specific findings of fact before granting relief was a part of the zoning resolution. Therefore, the failure to make specific findings of fact not only presents a difficulty for the common pleas court during its review proceedings, a fact which might be overcome by the introduction of the additional evidence, but also the failure to provide the basis for its decision violates specific provisions of the zoning resolution itself.
The trial court also ignores the requirements of the resolution in affirming the zoning board's decision. However, the additional evidence presented to the trial court in this case is insufficient to overcome the void created by the Board of Zoning Appeal's failure to make specific findings of fact. This enables the applicant for the variance to circumvent the zoning provisions and violates due process of law.
The Board of Zoning Appeal's decision to grant the Negleys a variance was, according to the Board's letter of January 11, 2000, "contingent on your purchase of land from the State of Ohio." The application for a variance makes reference only to Lot #32 (Fernwood Subdivision No. 1, Long Island, V.M.S. No. 13393, Richland Township, Logan County, Ohio). No specific land is described in the Board's letter. However, the testimony centered around some 2732 sq. ft. of artificially filled land created by accretion resulting from artificial encroachment when the Negleys put in a new seawall beyond the end of their property and backfilled in behind it. At the time the application for the variance was filed the Negleys were negotiating the purchase of this land from the State of Ohio. While, according to the Negleys, this is apparently a common practice by Indian Lake waterfront property owners, this land did not exist when the zoning resolution was passed in 1987 and therefore is not a part of the zoned property and thus is beyond the jurisdiction of the Board of Zoning Appeal. Township trustees possess only such powers as are expressly conferred upon them by statute and by resolutions adopted pursuant to such statutes. Regulation of this newly created land can only be effected by amending the zoning resolution as provided in R.C. 519.12 and the zoning resolution itself. The Board of Zoning Appeals cannot exceed the authority given to it by its enabling legislation and thus cannot rezone property under the guise of a variance.
Finally, Appellant claims that the Board of Zoning Appeals did not properly consider the 12 x 32 feet open structure attached to the proposed residential building as an architectural projection as described in Section 1016 of the Zoning Resolution and thus as a part of the new building.
The trial court concluded on page 6 of its judgment entry that "a deck is not a building and should not be included as part of the area to be occupied." We find that the language of the resolution is controlling and that:
 Open structures such as porches, canopies, balconies, platforms, carports, covered patios and similar architectural projections shall be considered parts of the building to which attached and shall not project into the required minimum front, side or rear yard.
In light of the foregoing, the assignments of error are sustained and the judgment of the trial court is reversed.
SHAW and BRYANT, JJ., concur.
[1] The Negleys installed a new seawall on the lakeside of their property and filled in the land, adding approximately 2,731.94 sq. feet to the front of their property. As this land belonged to the State of Ohio, the Negleys had to purchase it from the State.