OPINION
{¶ 1} Robert Ferguson ("Ferguson") appeals the March 11, 2003 judgment entry of the Portage County Court of Common Pleas overruling his objections to the magistrate's decision, which affirmed the decision of the Ravenna Township Board of Trustees (the "Board") ordering the removal of the structures on Ferguson's property. For the reasons set forth below, we affirm the decision of the trial court in this matter.
 {¶ 2} On May 7, 2002, after providing the requisite notice, the Board met and conducted a hearing regarding Ferguson's property. Ferguson was present at this hearing and testified about his intent to fix the property. Owners of neighboring property also testified at this hearing regarding the "dangerous" and "deplorable condition of the house" that "has been going on for 20 years" and the resulting decrease in property values of the neighboring property. The Board found that the "present condition of the premises and structures thereon are a public nuisance and fall within the parameters of an insecure, unsafe or structurally defective structure pursuant to R.C. 505.86." Thus, the Board ordered the removal of the structures on Ferguson's property.
 {¶ 3} Ferguson timely appealed the Board's decision to the Portage County Court of Common Pleas. Both parties subsequently filed motions for a hearing to present additional evidence. The trial court granted these motions on November 8, 2002, and the hearing was held before a magistrate on January 3, 2003. At the hearing, the Board submitted an inspection report conducted by the Ravenna Township Fire Department ("fire department's inspection report") and an inspection report from the Portage County Building Department ("building department's inspection report"). The Board also proffered photographs of the property.
 {¶ 4} At the hearing, Ferguson testified that he was planning on fixing the property and that he had obtained building permits in order to do so. On cross-examination, Ferguson testified that the house had been vacant since at least 1995. Ferguson admitted that the house is uninhabitable and that it would be a health risk for someone to inhabit the home in its current condition. Ferguson acknowledged that the building permits were issued for work of $2,000. Ferguson admitted that it would cost well in excess of $2,000 to make the home structurally sound and habitable and that the permits he obtained would fail to accomplish this endeavor.
 {¶ 5} On February 6, 2003, the magistrate found "that the decision of the [Board] to remove the structure(s) located at 6240 Wall Street was not illegal, arbitrary, capricious, unreasonable or unsupported by the preponderance of substantial, reliable and probative evidence on the whole record." Thus, the magistrate affirmed the Board's decision. Ferguson timely filed objections to the magistrate's decision. On March 11, 2003, the trial court overruled Ferguson's objections and adopted the magistrate's decision.
 {¶ 6} Ferguson timely appealed and raises the following assignments of error:
 {¶ 7} "[1.] The trial court ered [sic] in considering the Township's additional evidence not contained in the transcript.
 {¶ 8} "[2.] The statutory grounds to support the Township's removal order are not contained in the record."
 {¶ 9} In the interests of judicial economy, both of Ferguson's assignments of error will be considered together. Ferguson claims that, on appeal to the court of common pleas, the Board should have been "limited to the public record and matters contained therein and that the additional evidence offered by them [was] inappropriate." Ferguson also claims that the removal order was improperly issued because a finding that the house wasinsecure, unsafe, or structurally defective, as required by R.C. 505.86, was absent from the evidence in the record.
 {¶ 10} In an administrative appeal, the court of common pleas "may reverse the board if it finds that the board's decision is not supported by a preponderance of reliable, probative and substantial evidence. An appeal to the court of appeals, pursuant to R.C. 2506.04, is more limited in scope and requires that court to affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence." Kisil v. Sandusky (1984),12 Ohio St.3d 30, 34. "It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court abused its discretion." Lorain City School Dist. Bd. of Edn. v. StateEmp. Relations Bd. (1988), 40 Ohio St.3d 257, 261.
{¶ 11} An abuse of discretion consists of more than an errorof law or judgment. Rather, it implies that the court's attitudeis unreasonable, arbitrary or unconscionable. Berk v. Matthews(1990), 53 Ohio St.3d 161, 169 (citation omitted). Reversal,under an abuse of discretion standard, is not warranted merelybecause appellate judges disagree with the trial judge or believethe trial judge erred. Id. Reversal is appropriate only if theabuse of discretion renders "the result * * * palpably andgrossly violative of fact and logic [so] that it evidences notthe exercise of will but perversity of will, not the exercise ofjudgment but defiance thereof, not the exercise of reason butrather of passion or bias." State v. Jenkins (1984),15 Ohio St.3d 164, 222 (citation omitted).
 {¶ 12} R.C. 2506.03 "makes liberal provision for the introduction of new or additional evidence" in an administrative appeal. Kisil, 12 Ohio St.3d at 34, quoting Cincinnati Bell v.Glendale (1975), 42 Ohio St.2d 368, 370. Thus, in reviewing an appeal of an order of a board, the trial court "may consider new or additional evidence." Smith v. Granville Twp. Bd. ofTrustees, 81 Ohio St.3d 608, 612, 1998-Ohio-340 (citation omitted).
 {¶ 13} In this case, both parties moved for a hearing in which to submit additional evidence. Thus, considering the trial court's discretion to consider new evidence, as discussed above, we cannot find that the trial court's decision to grant the parties' motions was unreasonable, arbitrary or unconscionable.Thus, it was not an abuse of discretion for the trial court toconsider the new evidence introduced at the hearing, includingthe building department's inspection report.
 {¶ 14} "A board of township trustee may provide for theremoval * * * of buildings or other structures in the townshipthat have been declared insecure, unsafe, or structurallydefective by any fire department under contract with the townshipor by the county building department." R.C. 505.86(B). Thus, toproperly order the removal of the house on Ferguson's property,the house would have to be declared insecure, unsafe, orstructurally defective by the fire department or the buildingdepartment.
 {¶ 15} In this case, the building department's inspectionreport regarding the house located on Ferguson's property statedthat the "building structure is a serious hazard." Sinceinsecure, unsafe, and structurally defective are undefined in thestatute, these words must be "accorded [their] common, everydaymeaning." State v. Dorso (1983), 4 Ohio St.3d 60, 62. Asdefined, unsafe and hazardous are synonymous. See Webster's IINew College Dictionary (1999) (the definitions of both unsafe andhazardous include the definition of "dangerous"). Thus, since thebuilding department declared the house to be a "serious hazard,"we cannot conclude that the trial court abused its discretion infinding that the house had been declared insecure, unsafe, orstructurally defective by the building department.[1]
 {¶ 16} Since we found above that the trial court did not errin considering the additional evidence, including the buildingdepartment's inspection report, and since this report declaredthe house insecure, unsafe, or structurally defective, we findthat the decision of the common pleas court is supported by a preponderance of reliable, probative and substantial evidence.
 {¶ 17} For the foregoing reasons, we hold that Ferguson's assignments of error are without merit. The decision of the Portage County Court of Common Pleas is affirmed.
Judgment affirmed.
Christley and O'Neill, JJ., concur.
[1] Although the building department's inspection report wastwo years old at the time of the hearing, the evidence, includingtestimony from Ferguson, indicated that no work was performed onthe house in that time frame and that the house's condition onlyhad worsened since the report was issued.