OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Plaintiff-Appellant, William Gonda, Jr., appeals the decision of the Mahoning County Court of Common Pleas that affirmed an administrative order denying a zoning variance. On appeal, Gonda argues the trial court erred by refusing to admit additional evidence which Gonda wished to introduce.
 {¶ 2} R.C. 2506.03 provides that a trial court shall hear additional evidence when reviewing an administrative order if one of the exceptions within that statute applies. R.C. 2506.03 does not limit the type of evidence which can be introduced and the Ohio Supreme Court has called this a "liberal provision for the introduction of new or additional evidence." In this case, one of the exceptions in that statute applies. Therefore, the trial court erred by not admitting the additional evidence Gonda wished to introduce. Since that evidence deals directly with the issues involved in the case, the trial court's decision is reversed and this case is remanded so the trial court can use this evidence while reviewing the administrative order.
 Facts {¶ 1} Gonda lives on Briarwood Lane in Austintown, Ohio, at the intersection of Briarwood Lane and Tall Oaks Lane. In 2002, Gonda erected a privacy fence around his property without first obtaining a building permit or zoning variance. The Austintown Township Zoning Ordinance provided that fences around corner lots, like Gonda's, could only be three feet high unless it was set back twenty feet from the road. Gonda's fence violated this portion of the ordinance. In September 2002, the Austintown Township Zoning Office notified Gonda that he was in violation of the ordinance and asked that he bring his property into compliance.
 {¶ 2} Gonda requested a variance in October 2002 to allow the fence as constructed and the matter was heard by the Austintown Township Board of Zoning Appeals, which denied the variance request.
 {¶ 3} Gonda appealed the matter to the trial court and sought to introduce additional evidence showing that moving the fence would create both hardship and practical difficulties. The Board opposed this request, arguing that the evidence Gonda wished to introduce was not created until after the hearing. A magistrate granted Gonda's motion to introduce the additional evidence.
 {¶ 4} The Board timely filed objections to the magistrate's decision and the trial court sustained its objections. The matter was referred back to the magistrate, who subsequently recommended that the Board's decision be affirmed. Gonda filed objections to this decision, but the trial court overruled those objections and affirmed the Board's decision. It is from this judgment that Gonda timely appeals.
 New Evidence in a R.C. Chapter 2506 Appeal {¶ 5} Gonda's sole assignment of error argues:
 {¶ 6} "The trial court erred to the prejudice of Plaintiff-Appellant by not allowing the additional evidence that Plaintiff-Appellant sought to introduce."
 {¶ 7} Gonda argues the trial court was obligated to hear his additional evidence by statute. The Board's response does not challenge Gonda's claim. Rather, it argues that the type of evidence Gonda sought to introduce was improper since it was not offered at the administrative hearing. Gonda's argument is correct.
 {¶ 8} R.C. 2506.01 allows a party to appeal any decision by an agency of a political subdivision to the court of common pleas. Whenever a trial court conducts this review, it must review the record to determine whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. R.C. 2506.04; Henley v.Youngstown Bd. of Zoning Appeals, 90 Ohio St.3d 142, 147, 2000-Ohio-0493. In contrast, our standard of review is more limited in scope. Id. We cannot weigh the evidence and may only review whether the trial court erred as a matter of law. R.C.2506.04; Henley at 147-148. As the First District described, "we must affirm the judgment of the trial court unless its decision is so at odds with the evidence presented first to the board and later to the trial court as to be erroneous as a matter of law." Sottile v. Amberley Village Tax Bd. of Review,146 Ohio App.3d 680, 683, 2001-Ohio-4277.
 {¶ 9} Typically, the trial court may only consider the record before the agency when reviewing its decision, but it can take additional evidence in certain specified situations.
 {¶ 10} "(A) The hearing of such appeal shall proceed as in the trial of a civil action, but the court shall be confined to the transcript as filed pursuant to section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:
 {¶ 11} "(1) The transcript does not contain a report of all evidence admitted or profferred by the appellant;
 {¶ 12} "(2) The appellant was not permitted to appear and be heard in person, or by his attorney, in opposition to the final order, adjudication, or decision appealed from, and to do any of the following:
 {¶ 13} "(a) Present his position, arguments, and contentions;
 {¶ 14} "(b) Offer and examine witnesses and present evidence in support;
 {¶ 15} "(c) Cross-examine witnesses purporting to refute his position, arguments, and contentions;
 {¶ 16} "(d) Offer evidence to refute evidence and testimony offered in opposition to his position, arguments, and contentions;
 {¶ 17} "(e) Proffer any such evidence into the record, if the admission of it is denied by the officer or body appealed from.
 {¶ 18} "(3) The testimony adduced was not given under oath;
 {¶ 19} "(4) The appellant was unable to present evidence by reason of a lack of the power of subpoena by the officer or body appealed from or the refusal, after request, of such officer or body to afford the appellant opportunity to use the power of subpoena when possessed by the officer or body;
 {¶ 20} "(5) The officer or body failed to file with the transcript, conclusions of fact supporting the final order, adjudication, or decision appealed from.
 {¶ 21} "If any circumstance described in divisions (A)(1) to (5) of this section applies, the court shall hear the appeal upon the transcript and such additional evidence as may be introduced by any party. At the hearing, any party may call, as if on cross-examination, any witness who previously gave testimony in opposition to such party." R.C. 2506.03.
 {¶ 22} In this case, the administrative record contains no findings of fact. "R.C. 2506.03(A)(5) requires factual findings to be filed." Shelly Materials, Inc. v. Daniels, 2nd Dist. No. 2002-CA-13, 2003-Ohio-0051, at ¶ 26. Therefore, the trial court was obligated to "hear the appeal upon the transcript and such additional evidence as may be introduced by any party." R.C.2506.03.
 {¶ 23} This brings us to the real issue in dispute between the parties: Can someone appealing an administrative decision introduce evidence to the trial court which would have been unavailable at the time of the administrative hearing? The caselaw on this issue is split. In Comparda v. Housing AppealsBd. (July 23, 1997), 9th Dist. No. 18220, the appellate court found that a person appealing a decision under R.C. Chapter 2506 could not use evidence which was not proffered at the hearing to supplement the administrative record.
 {¶ 24} "His attempt to supplement the record before the common pleas court was not to correct an incomplete administrative record. Rather, it was an attempt to add evidence to the record that had not been proffered at the hearing and that addressed an issue that had not been raised at the hearing. This is not the type of evidence contemplated by Section 2506.03. The common pleas court, therefore, did not err in refusing to consider the architect's affidavit in its review of the board's decision." Id. at 3.
 {¶ 25} In contrast, at least two other districts have held otherwise. In Cahill v. Board of Zoning Appeals of City ofDayton (1986), 30 Ohio App.3d 236, the person appealing the administrative decision sought to introduce the testimony of witnesses who did not appear at the administrative hearing. The appellate court concluded that these witnesses should be allowed to testify,
 {¶ 26} "In support of this alleged error, the appellants contend that the testimony of the witnesses, Aszling and Fleming, neither of whom testified before the board of zoning appeals, did not constitute "additional evidence" as contemplated by R.C.2506.03, and this contention is apparently based in turn upon the fact that others had already testified at the administrative hearing as to the effect of a conditional use permit on property values.
 {¶ 27} "As used in the statute, however, the language `additional evidence' makes no reasonable allowance for construction, and statutes are ordinarily given a literal and natural meaning unless a contrary intention appears. Here, the record on appeal fails to disclose that any conclusions of fact were filed with the trial court, and therefore, the exception set forth in R.C. 2506.03 applies without regard to the particular nature of the new matter submitted in the common pleas court.
 {¶ 28} "While the introduction of `additional evidence' between the board of zoning appeals and the common pleas court obviously could lead to anomalous results, a similar procedure was long recognized in Ohio prior to the abolition of law and fact appeals." (Citations omitted) Id. at 237.
 {¶ 29} The Third District reached the same conclusion in Inre Annexation of Certain Territory (1992), 82 Ohio App.3d 377.
 {¶ 30} "The trustees, as appellants herein, assert that the common pleas court abused its discretion in hearing additional evidence which was repetitive to the testimony presented to the commissioners. The trustees also complain that the court should not have allowed the petitioners to call and examine witnesses at the court hearing which the petitioners chose not to call or examine at the hearing before the commissioners.
 {¶ 31} "R.C. 2506.03 contains a liberal provision for the introduction of new or additional evidence to be heard by a reviewing court. R.C. 2506.03 does not limit the parties' right to request that additional evidence be presented. On the contrary, either party may request, or the court on its own motion may require, that additional evidence be presented.
 {¶ 32} "In the present case, because the commissioners failed to file conclusions of fact supporting their resolution denying the annexation, the common pleas court was permitted to hear and consider evidence in addition to the transcript of the hearing before the commissioners.
 {¶ 33} "R.C. 2506.03 permits `such additional evidence as may be introduced by any party.' Words in a statute must be given their common, plain, and ordinary meaning unless a contrary intention clearly appears or is otherwise indicated. Considering the ordinary meaning of the terms in R.C. 2506.03, we conclude this section does not limit the parties in an appeal to only calling witnesses who previously testified. Such a requirement would severely limit the reviewing court's ability to obtain information additional to the transcript of the hearing before the commissioners. We conclude that the petitioners could call a witness to testify at the court hearing even if that witness was not called to testify at the hearing before the commissioners. In this way the reviewing court, in considering the appeal, will have both the transcript of the hearing before the commissioners and the additional evidence presented at the court hearing." (Citations omitted) Id. at 381-382.
 {¶ 34} We agree with Cahill and Annexation of CertainProperty. As Annexation of Certain Property states, the Ohio Supreme Court has previously stated that R.C. 2506.03 "makes liberal provision for the introduction of new or additional evidence" if one of the exceptions in that statute applies.Cincinnati Bell, Inc. v. Village of Glendale (1975),42 Ohio St.2d 368, 370; see also State ex rel. Chagrin Falls v. GeaugaCty. Bd. of Commrs., 96 Ohio St.3d 400, 2002-Ohio-4906, at ¶ 13. This is important for two reasons.
 {¶ 35} First, the Ohio Supreme Court has recognized that R.C.2506.03 allows a party to introduce new evidence. This means a party is not limited to reproducing the evidence introduced at the administrative hearing, as may be necessary if the transcript contains errors or omissions. Rather, the party now can introduce evidence which the administrative agency did not have the opportunity to hear.
 {¶ 36} Second, the Ohio Supreme Court has recognized that the language in R.C. 2506.03 is "liberal." That statute does not limit the type of evidence which may be introduced once an exception has been met. Instead, it allows the trial court to decide the case on the administrative record and "such additional evidence as may be introduced by any party." If we were to agree with Comparda, then we would be placing artificial limits on this liberal provision.
 {¶ 37} A trial court's review of an administrative decision under R.C. Chapter 2506 is only static if none of the exceptions in R.C. 2506.03 apply. Once one of those exceptions apply, the court is free to hear any new evidence introduced by the parties in order to determine whether an administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. Therefore, the trial court erred as a matter of law when it refused to allow Gonda to introduce additional evidence.
 {¶ 38} Moreover, Gonda was prejudiced by the trial court's error. The evidence he wished to introduce dealt with the hardship and practical difficulty he would encounter if he did not receive a variance. Section 410 of the Austintown Township Zoning Ordinance allows the Board to grant a variance if "a literal enforcement of the provisions of this ordinance would result in unnecessary hardship or practical difficulty." Thus, the evidence he wished to introduce could have a direct impact on the trial court's review of the administrative order.
 {¶ 39} In conclusion, R.C. 2506.03 provides that a trial court shall hear additional evidence when reviewing an administrative order if one of the exceptions within that statute applies. R.C. 2506.03 does not limit the type of evidence which can be introduced and the Ohio Supreme Court has called this a "liberal provision for the introduction of new or additional evidence." In this case, one of the exceptions in that statute applies. Therefore, the trial court erred by not admitting the additional evidence Gonda wished to introduce since that evidence deals directly with the issues involved in the case. Gonda's sole assignment of error is meritorious. Accordingly, the judgment of the trial court is reversed and this cause is remanded for further proceedings according to law and consistent with this Court's opinion.
Donofrio, P.J., concurs.
Waite, J., concurs.