[Cite as *Delfino v. Summit Cty. Planning Comm.*, 2024-Ohio-6089.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

DANIEL DELFINO, et al.

    Appellants

    v.

SUMMIT COUNTY, OHIO PLANNING
COMMISSION, et al.

    Appellees

C.A. No.    30769

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2022-08-2963

DECISION AND JOURNAL ENTRY

Dated: December 31, 2024

---

SUTTON, Presiding Judge.

{¶1}    Plaintiffs-Appellants, Daniel Delfino and Mindy Delfino, appeal the judgment of the Summit County Court of Common Pleas. This Court reverses.

I.

**Relevant Background**

{¶2}    This appeal arises from the Delfinos' administrative appeal, pursuant to Revised Code Chapter 2506, of the Summit County Planning Commission's July 28, 2022 decision denying them a riparian setback variance for their property. The Delfinos purchased the property in August 2021, which is located at Lot 21 in the Forest of Kings Creek subdivision. Lot 21 is a vacant parcel of land comprising approximately 2.5 acres. The Delfinos' property contains two wetlands and has a small intermittent stream that runs through the property. Summit County Ordinance ("S.C.O.") 937.05(c)(4) requires a 50-foot riparian setback on all sides of the stream, which prohibits construction within the setback area. The two wetlands also require their own setbacks

pursuant to S.C.O. 937.05(e)(3)(B). The Delfinos want to build a ranch style home on this property, and claim to have not known about the riparian setback requirements prior to the purchase of the land.

{¶3} On April 25, 2022, the Delfinos, through their engineering firm, applied for a variance from the riparian setback. Originally, the Delfinos applied for a variance which would allow up to 44 feet of encroachment on the riparian setback. The Delfinos then modified their application to request up to 30 feet of encroachment on the riparian setback. The planning commission held its first hearing and requested the Delfinos provide them with a wetland delineation report. On July 28, 2022, the planning commission held its second hearing on the Delfino variance.

{¶4} At the July 28, 2022 hearing, the Delfinos submitted the wetland delineation report and a revised plan showing a 30 foot encroachment on the riparian setback as per their modified application. Several people testified including: (1) Dan Neff, the Delfinos' engineer; (2) Patricia Ryan, a zoning inspector for Richfield Township; (3) Sasha Mikheidze, a representative from the Summit Soil and Water Conservation District; and (4) Joe Paradise, an employee from the Summit County Engineer's Office. After hearing testimony from these individuals, and based upon the recommendation of Mr. Mikheidze, the planning commission voted 4-1 to deny the riparian setback variance. In a correspondence dated August 31, 2022, the planning commission notified the Delfinos of its denial of the variance stating: "[a]fter proper review and due consideration, the Summit County Planning Commission denied your request of a Variance of the Riparian Setback Regulations." The correspondence did not contain any additional details regarding the denial of the variance.

{¶5}     Pursuant to R.C. 2506.04, the Delfinos filed an administrative appeal with the trial court.  In their appeal, the Delfinos argued the planning commission erred because it failed to apply the correct riparian setback factors, as stated in S.C.O. 937.10(f), in denying the riparian setback variance, and the preponderance of evidence in the record weighed in favor of granting the riparian setback variance.

{¶6}     The trial court affirmed the planning commission's decision to deny the variance.

{¶7}     The Delfinos timely appealed to this Court raising two assignments of error for our review.

## II.

## ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY AFFIRMING THE COMMISSION'S DECISION TO DENY THE DELFINOS A RIPARIAN VARIANCE DESPITE THE FACT THE COMMISSION LOST ITS WAY AND APPLIED AN INCORRECT LEGAL STANDARD.**

{¶8}     In their first assignment of error, the Delfinos argue the trial court erred, as a matter of law, by affirming the planning commission's denial of the riparian setback variance in spite of the commission applying an incorrect legal standard in making its determination.

{¶9}     In *Shelly Materials, Inc. v. City of Streetsboro Plan. & Zoning Comm'n*, 2019-Ohio-4499, ¶ 13, 17, the Supreme Court of Ohio stated:

> We have said that the scope of review for a common pleas court in an R.C. Chapter 2506 administrative appeal is not de novo but that the appeal "'often in fact resembles a de novo proceeding.'" *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34 (1984), quoting *Cincinnati Bell, Inc. v. Glendale*, 42 Ohio St.2d 368, 370 (1975). "The court weighs the evidence to determine whether a preponderance of reliable, probative, and substantial evidence supports the administrative decision, and if it does, the court may not substitute its judgment for that of" the administrative agency. *Independence v. Office of the Cuyahoga Cty. Executive*, 142 Ohio St.3d 125, 2014-Ohio-4650, ¶ 13. … [T]he court of common pleas has "the power to examine the whole record, make factual and legal determinations, and reverse the [administrative agency's] decision if it is not supported by a preponderance of

substantial, reliable, and probable evidence." *Cleveland Clinic Found. v. Cleveland Bd. of Zoning Appeals*, 141 Ohio St.3d 318, 2014-Ohio-4809, ¶ 24, citing [*Dudukovich v. Lorain Metro. Hous. Auth.*, 58 Ohio St.2d 202, 207 (1979).].

A party who disagrees with a decision of a court of common pleas in an R.C. Chapter 2506 administrative appeal may appeal that decision to the court of appeals but only on "questions of law." R.C. 2506.04. For this reason, we have stated that under R.C. 2506.04, an appeal to the court of appeals is "more limited in scope" than was the appeal to the court of common pleas. *Kisil*, 12 Ohio St.3d at 34. While the court of common pleas is *required to examine the evidence*, the court of appeals may not weigh the evidence. *Independence*, 142 Ohio St.3d 125, 2014-Ohio-4650, at ¶ 14. Apart from deciding purely legal issues, the court of appeals can determine whether the court of common pleas abused its discretion, which in this context means reviewing whether the lower court abused its discretion in deciding that an administrative order was or was not supported by reliable, probative, and substantial evidence. *Boice v. Ottawa Hills*, 137 Ohio St.3d 412, 2013-Ohio-4769, ¶ 7, citing *Kisil* at 34.

(Emphasis added.)

{¶10} Therefore, our determination in this matter is limited to "(1) whether the trial court made any errors of law assigned on appeal, which we review de novo, and (2) whether the trial court abused its discretion in applying the law." *Compass Homes, Inc. v. Upper Arlington Bd. of Zoning*, 2023-Ohio-2744, ¶ 13 (10th Dist.).

{¶11} Here, in making its decision regarding the Delfinos' variance request, the planning commission was required to consider the factors set forth in S.C.O. 937.10(f), which states:

In reviewing whether to grant variances, the . . . Summit County Planning Commission shall consider the following:

(1) The extent to which the requested variance impairs the functions of the riparian area. This determination shall be based on sufficient technical and scientific evidence as provided by the applicant and the agencies listed in subsections (a) through (e) above.

(2) The soil type and natural vegetation of the parcel as well as the percentage of the parcel that is in the 100-year floodplain.

(3) The degree of hardship these regulations place on the applicant and the availability of alternatives to the proposed activity.

{¶12} In its order, the trial court addresses the first S.C.O. 937.10(f) factor by citing to general comments made by two members of the planning commission regarding the grading around the proposed house. The planning commission members state that the grading of the house encroaches onto the wetland area which causes "disturbance." However, these comments do not reflect consideration of "sufficient technical and scientific evidence," as required by S.C.O. 937.10(f)(1).

{¶13} As to the second S.C.O. 937.10(f) factor, the trial court correctly indicates the 100-year floodplain was discussed, and the testimony reflected the parcel is not in the 100-year floodplain. However, as to the "soil type and natural vegetation[,]" the trial court acknowledged there was not extensive discussion, but that "Mr. Mikheidze did testify that the Delfinos' plan would impact the vegetation within the riparian setback." This testimony does not address the soil type or the natural vegetation of the parcel as required by S.C.O. 937.10(f)(2).

{¶14} Regarding the third S.C.O. 937.10(f) factor, the trial court highlighted testimony from Mr. Paradise, of the Summit County Engineer's office, wherein he commented on the size of the proposed home and that it was "not a good lot for this particular house." Mr. Paradise also testified "[t]his is a buildable lot for a two-story home[.]" Although the trial court recognized that Mr. Paradise testified as to a possible alternative, building a two-story house instead of a ranch style home, as proposed by the Delfinos, this testimony does not address the degree of hardship the regulations place on the Delfinos.

{¶15} As such, because the trial court only analyzed certain aspects of S.C.O. 937.10(f)(1), (2), and (3), and did not consider the remainder of its requirements in determining whether the planning commission applied the correct legal standard in denying the Delfinos'

variance and whether a preponderance of reliable, probative, and substantial evidence supports the planning commission's decision to deny the variance, the trial court erred as a matter of law.

{¶16} Thus, the trial court, in its review of the entire record, must determine if the Summit County Planning Commission used the correct legal standard, as set forth in S.C.O. 937.10(f)(1), (2), and (3), and in using that standard, whether a preponderance of reliable, probative, and substantial evidence supports the planning commission's decision to deny the Delfinos' request for a riparian setback variance.

{¶17} Accordingly, the Delfinos' first assignment of error is sustained.

### ASSIGNMENT OF ERROR II

**THE TRIAL COURT ABUSED ITS DISCRETION IN AFFIRMING THE COMMISSION'S DECISION TO DENY THE DELFINOS A RIPARIAN VARIANCE BECAUSE SUCH DENIAL WAS ARBITRARY, CAPRICIOUS, AND UNSUPPORTED BY A [PREPONDERANCE] OF RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE.**

{¶18} Based upon our resolution of the first assignment of error, the Delfinos' second assignment of error is moot.

III.

{¶19} For the reasons stated above, the Delfinos' first assignment of error is sustained and their second assignment of error is moot. The judgment of the Summit County Court of Common Pleas is reversed and this cause is remanded for further proceedings consistent with this decision.

Judgment reversed;
cause remanded.

―――――

There were reasonable grounds for this appeal.

7

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

BETTY SUTTON
FOR THE COURT

FLAGG LANZINGER, J.
CONCURS.

HENSAL, J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

ANTHONY R. VACANTI, JOHN SLAGTER, and DANIELLE M. EASTON, Attorneys at Law, for Appellants.

ELLIOT KOLKOVICH, Prosecuting Attorney, and MARRETT W. HANNA and JOHN F. GALONSKI, Assistant Prosecuting Attorneys, for Appellee.