NICHOLS, Appellant,

v.

HINCKLEY TOWNSHIP BOARD OF ZONING APPEALS, Appellee.

[Cite as *Nichols v. Hinckley Twp. Bd. of Zoning Appeals* (2001), 145 Ohio App.3d 417.]

Court of Appeals of Ohio,
Ninth District, Medina County.

No. 3109–M.

Decided Aug. 22, 2001.

418

*Patricia F. Maynard,* for appellant.

*Donald Wochna,* for appellee.

CARR, Judge.

Appellant-plaintiff Noah Nichols has appealed the judgment of the Medina Court of Common Pleas affirming the decision of the Hinckley Township Board of Zoning Appeals ("BZA"). This court affirms.

I

Noah Nichols owns a parcel of land containing 1.1945 acres, upon which his house rests at the address of 2666 Marland Drive in Hinckley Township. In December 1998, Nichols attempted to bifurcate his property by applying to the Hinckley Township Zoning Department for a housing permit for the new lot at 2667 Marland Drive. The permit request was denied by the housing inspector.

Nichols appealed to the BZA. After convening a hearing, the BZA unanimously affirmed the denial of the permit.

Nichols appealed to the Medina County Court of Common Pleas. A magistrate upheld the decision of the BZA and denied the appeal. The trial court subsequently issued findings of fact and conclusions of law on April 20, 2000.

Nichols has now appealed, asserting three assignments of error. As each of the assignments of error raise similar issues of law and fact, they shall be considered together.

II

"First Assignment of Error

"The trial court erred as a matter of law in dismissing plaintiff–appellant's complaint based upon: '1. The real estate lot at issue does not conform to the size requirements of the Hinckley Zoning [Code]' as the lot at issue does conform to the Hinckley Zoning Code in every respect.

"Second Assignment of Error

"The trial court erred as a matter of law in dismissing plaintiff–appellant's complaint upon: '2. Plaintiff appellant has failed to show that the decision of the board of zoning appeals was unreasonable, arbitrary, capricious, or unsupported by a preponderance of the evidence' as the application of the zoning code as used to evaluate Mr. Nichols' application for a building permit is counter to the Hinckley Zoning Code, the laws of the state of Ohio, the Ohio Constitution and the Constitution of the United States.

"Third Assignment of Error

"The trial court erred as a matter of law in dismissing plaintiff-appellant's complaint as a matter of application of law as against the Ohio Constitution and the United States Constitution[.]"

In his three assignments of error, Nichols argues that the trial court erred when it affirmed the decision of the BZA. This court disagrees.

A. Standard of Review

In direct appeals from the decisions of boards of zoning appeals, and court of common pleas review, the Ohio Supreme Court has set forth clear guidance as to the governing standard of review:

"The scope of review by the trial court is set forth in R.C. 2506.04, which requires the court to examine the 'substantial, reliable and probative evidence on the whole record.' This court has noted in *Cincinnati Bell v. Glendale* (1975), 42 Ohio St.2d 368, 370 [71 O.O.2d 331, 328 N.E.2d 808], that, ' * * * [a]lthough a hearing before the Court of Common Pleas pursuant to R.C. 2506.01 is not *de novo,* it often in fact resembles a *de novo* proceeding. R.C. 2506.03 specifically provides that an appeal pursuant to R.C. 2506.01, "shall proceed as in the trial of a civil action," and makes liberal provision for the introduction of new or additional evidence.'

"A court of common pleas should not substitute its judgment for that of an administrative board, such as the board of zoning appeals, unless the court finds that there is not a preponderance of reliable, probative and substantial

evidence to support the board's decision. This court pointed out in *Dudukovich v. Housing Authority* (1979), 58 Ohio St.2d 202, 207 [12 O.O.3d 198, 389 N.E.2d 1113], '[t]he key term is "preponderance."' The court went on further to explore the scope of review by the appellate courts and found, '[i]n determining whether the standard of review prescribed by R.C. 2506.04 was correctly applied by the Court of Common Pleas, both this court [the Supreme Court] and the Court of Appeals have a limited function.' *Id.* In a R.C. Chapter 2506 administrative appeal of a decision of the board of zoning appeals to the common pleas court, the court, pursuant to R.C. 2506.04, may reverse the board if it finds that the board's decision is not supported by a preponderance of reliable, probative and substantial evidence. An appeal to the court of appeals, pursuant to R.C. 2506.04, is more limited in scope and requires that court to affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence." (Footnote omitted.) *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 12 OBR 26, 465 N.E.2d 848.

▋ In making such a finding, this court applies an abuse-of-discretion standard. *Smith v. Revere Local School Dist. Board of Edn.* (May 9, 2001), Summit App. No. 20275, unreported, 2001 WL 489980. An abuse-of-discretion connotes more than an error of law or judgment; it implies that the action of the court is unreasonable, arbitrary, or unconscionable. *Id.,* citing *State v. Bresson* (1990), 51 Ohio St.3d 123, 129, 554 N.E.2d 1330. When applying the abuse-of-discretion standard, a reviewing court may not substitute its judgment for that of the trial court. *Id.,* citing *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748. Accordingly, this court must affirm the judgment of the Medina County Court of Common Pleas unless it abused its discretion in determining that the BZA's ruling was supported by a preponderance of reliable, probative, and substantial evidence.

### B. Applicable Zoning Ordinances

Hinckley Township Zoning Resolution 4.4 governs the attempted subdivision of a parcel into one or more buildable lots and provides: "No parcel of land held under one ownership, with or without buildings, effective as of August 1, 1958, shall be so reduced nor shall any such parcel be subdivided in any manner below the minimum lot area required by this Resolution." The minimum lot requirement is .75 acre. District Regulations 6R2.4(1).

The term "lot" is defined in Hinckley Zoning Resolution 3.10, which provides: "Lot: A piece, parcel, or plot of land occupied or intended to be occupied by a principal building or a group of such buildings and accessory buildings, or utilized for a principal use and uses accessory thereto, together with such open spaces

and frontage on a public street, as required by these regulations." Based on the foregoing, the terms "parcel" and "plot of land" have a separate meaning than the term "lot" for purposes of the Hinckley Township Zoning Resolution.

## C. Analysis

 Nichols owned a house at 2666 Marland Drive upon a lot containing 1.1945 acres. The BZA concluded that Nichols's property was one lot because the septic system serving his house was on the part of his property he proposed to sever into a new lot. When Nichols applied for his building permit he proposed bifurcating his lot into .2716 acres for one lot, and a new lot of .9229 acres to be addressed 2667 Marland Drive. Bifurcating the original lot in this manner would have left one lot without the requisite minimum size of .75 acres mandated by Hinckley Township Zoning Resolution 4.4 and District Regulation 6R2.4(1). Accordingly, the court of common pleas was within its discretion to conclude that the BZA ruling that denied Nichols's request for the building permit was made upon a preponderance of reliable, substantial, and probative evidence.[1]

## D. Waiver

 Last, Nichols argues that the Hinckley Zoning Resolution is unconstitutional as a retroactive law, violative of equal protection and due process, and amounts to a taking without just compensation. The claim of an unconstitutional taking was raised in the court of common pleas. However, the remaining claims are raised for the first time on appeal to this court.

 In *State v. Awan* (1986), 22 Ohio St.3d 120, 22 OBR 199, 489 N.E.2d 277, syllabus, the Ohio Supreme Court held: "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal."

Accordingly, the constitutional arguments not raised below are deemed waived.

---

1. For his part, Nichols alleges that Hinckley Township Zoning Resolution 4.4 does not bar the bifurcation of his property, because his property has always been two separate lots. The separation of the property into two parcels for tax purposes alone does not evince two separate lots. The zoning inspector found that the parcel was used as one lot based on the driveway easements, septic system location, and accessory building location. This court concludes that there was a preponderance of reliable, probative, and substantial evidence supporting the finding that Nichols was living on his property as one lot. See *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 12 OBR 26, 465 N.E.2d 848.

### D. Takings Clause

■ Turning to the question of an unconstitutional taking, this court finds the claim to be without merit.

It is well settled that the United States and Ohio Constitutions provide that property shall not be taken for public use without just compensation. Fifth and Fourteenth Amendments to the United States Constitution; Section 19, Article I, Ohio Constitution. See, generally, R.C. Chapter 163.

■ This court is mindful that zoning ordinances are presumed constitutional. *Cent. Motors Corp. v. Pepper Pike* (1995), 73 Ohio St.3d 581, 583–584, 653 N.E.2d 639. The burden of proof is reposed with the party challenging the constitutionality of a zoning ordinance, who must prove its unconstitutionality beyond fair debate. *Id.* at 584, 653 N.E.2d 639.

■ "[I]n order for the landowner to prove a [regulatory] taking, he or she must prove that the application of the ordinance has infringed upon the landowner's rights to the point that there is no economically viable use of the land and, consequently, a taking has occurred for which he or she is entitled to compensation." *Goldberg Cos., Inc. v. Richmond Hts. City Council* (1998), 81 Ohio St.3d 207, 210, 690 N.E.2d 510.

The United States Supreme Court has given guidance as to what constitutes a regulatory taking in the context of a zoning permit:

"A requirement that a person obtain a permit before engaging in a certain use of his or her property does not itself 'take' the property in any sense: after all, the very existence of a permit system implies that permission may be granted, leaving the landowner free to use the property as desired. Moreover, even if the permit is denied, there may be other viable uses available to the owner. Only when a permit is denied and the effect of the denial is to prevent 'economically viable' use of the land in question can it be said that a taking has occurred." *United States v. Riverside Bayview Homes, Inc.* (1985), 474 U.S. 121, 127, 106 S.Ct. 455, 88 L.Ed.2d 419.

■ In the instant case, Nichols has offered an allegation of a taking, but one without any citation to accompanying authority or specific allegation of how his one lot, which contains one residence, has prevented the "economically viable" use of his land. Nichols had the burden to demonstrate unconstitutionality beyond fair debate, and airy claims without allegations of harm to economic viability of the property fail to satisfy his burden. *Cent. Motors, supra,* at 584, 73 Ohio St.3d 581. Accordingly, the claim is overruled.

### III

Nichols's first, second, and third assignments of error are overruled. This court concludes that the Medina County Court of Common Pleas acted within its discretion to conclude that the BZA ruling was supported by a preponderance of reliable, probative, and substantial evidence. Accordingly, the court of common pleas properly affirmed the BZA.

*Judgment affirmed.*

SLABY, P.J., and WHITMORE, J., concur.