[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Defendants-appellants Peter Ulbrich and Holiday Cruise and Travel, Inc., ("Holiday Cruise") appeal the judgment of the trial court affirming the decision of defendant-appellee Anderson Township Board of Zoning Appeals ("BZA") denying Ulbrich and his travel business an area variance to add an eighteen-square-foot changeable-copy sign to an existing nonconforming freestanding sign on Ulbrich's commercial property. For the following reasons, we reverse.
 {¶ 3} In December 2000, Ulbrich purchased a 12,000-square-foot office/retail building, located at 7801 Beechmont Avenue in Anderson Township, Ohio. This property and the surrounding area were zoned "E," a retail district. The building was divided into thirteen suites, and Ulbrich's travel agency, Holiday Cruise, became a tenant in the building. On the property was a freestanding sign that stood three feet within the side property line, which had one hundred square feet of advertising space on each side and was divided into ten panels. The panels were leased to Ulbrich's commercial tenants, who had the right to install and maintain advertising signs. This sign was not in compliance with Anderson Township's current zoning resolution, but was allowed to remain as a nonconforming sign, as it was in existence before the zoning resolution had become effective. Under the current zoning regulation, Ulbrich's sign could only have 75 square feet of advertising space and had to be set back from the side property line by ten feet.[1]
 {¶ 4} After purchasing the property, Ulbrich made significant improvements to the interior and exterior of the building, repaved the parking lot, and invested $5000 in restoring the sign and adding a changeable-copy sign so that Ulbrich's travel agency could advertise vacation specials to the public. When the Anderson Township Zoning Board notified Ulbrich that he did not have a permit to add the changeable-copy sign, Ulbrich applied for the permit, but it was denied. Ulbrich appealed the board's ruling to the Anderson Township Board of Zoning Appeals ("BZA"). Pictures of the sign on Ulbrich's property were submitted at the BZA hearing. The BZA denied Ulbrich's request for a variance to add the changeable-copy sign because it found, after a brief discussion of the seven factors[2] bearing on the decision whether to grant an area variance, that the addition of the sign was substantial, that it was not within the spirit and intent of the zoning resolution, and that there were other methods for advertising vacation specials.
 {¶ 5} Ulbrich appealed the BZA's decision to the Hamilton County Court of Common Pleas pursuant to R.C. Chapter 2506. The appeal was assigned to a magistrate, who conducted another hearing because the BZA had failed to issue findings of fact to support its decision.[3] At the end of that hearing, the magistrate affirmed the BZA's denial of the variance, stating that the BZA's decision was supported by a "preponderance of credible and probative evidence." The trial court then adopted the magistrate's decision. In this appeal, Ulbrich now brings forth three assignments of error for our review. We address the assignments of error out of order.
 {¶ 6} In their second assignment of error, Ulbrich and Holiday Cruise assert that the trial court erred in adopting the magistrate's decision when it was unsupported by reliable, probative and substantial evidence. We agree.
 {¶ 7} R.C. Chapter 2506 governs the review of the administrative proceedings in this case. Pursuant to R.C. 2506.04, the common pleas court may find that the administrative "order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." Thus, a trial court's standard of review for the evidentiary basis of an administrative decision is whether the decision is supported by a preponderance of reliable, probative, and substantial evidence in the record.[4] An appellate court's review is more limited.[5] It must affirm the trial court, unless it determines, as a matter of law, that the trial court's decision is not supported by a preponderance of reliable, probative and substantial evidence.[6] "In making such a finding, th[e] court applies an abuse-of-discretion standard."[7]
 {¶ 8} From our review of the record in this case, we are persuaded that the trial court's decision, and thus the BZA's decision, denying Ulbrich and Holiday Cruise a variance to add the changeable-copy sign was, as a matter of law, not supported by a preponderance of reliable, probative and substantial evidence. First, the pictures of the sign admitted into evidence did not support the finding by the BZA and the trial court that the addition of the sign was substantial. The actual square footage of the advertising space was not enlarged, and the changeable-copy sign was not added to the top of the original signage, but below it, as a separate sign between the two poles supporting the original freestanding signage. Second, the finding that Holiday Cruise could advertise specials in ways other than the changeable-copy sign was not supported by a preponderance of the evidence. Although, at the hearing before the trial court, the township suggested different alternatives to the changeable-copy sign, the evidence presented by Ulbrich demonstrated that those alternatives were impractical to advertising specials in a rapidly changing market. For example, the township suggested that Ulbrich remove panels from the existing sign and replace them with the changeable copy sign. But that was not feasible because other commercial tenants owned those panels.
 {¶ 9} Finally, the finding that the granting of a permit to Ulbrich to add a changeable-copy sign was not within the spirit and intent of the zoning resolution was not supported by a preponderance of the evidence. The BZA based this finding on the resolution's requirement that if a sign such as Ulbrich's were enlarged it would lose its "non-conforming" designation and have to be removed. But the Ohio Supreme Court has stated that in the review of an application for an area variance, including one for an addition to an existing sign, the "`spirit' rather than the `strict letter' of the zoning ordinance should be observed so that `substantial justice [is] done.'"[8] Here, Ulbrich presented evidence that, within the two and one-half mile stretch near his commercial property, there were over 40 changeable-copy signs. Thus, the issuance of a permit to add the changeable-copy sign to his property would have been within the spirit of the zoning resolution.
 {¶ 10} Based on the foregoing, we hold that the decision of the trial court was, as a matter of law, not supported by a preponderance of reliable, probative and substantial evidence. Accordingly, the second assignment of error is sustained.
 {¶ 11} Because we have sustained the second assignment of error, the remaining two assignments of error, which challenge the constitutionality of the Anderson Township Zoning Resolution and the trial court's decision denying Ulbrich discovery, are moot, and, therefore, we do not address them. Accordingly, the judgment of the trial court is reversed, and this case is remanded to the trial court with instructions to issue an order calling for the issuance of an appropriate permit to the plaintiffs-appellants.
 {¶ 12} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Winkler, JJ.
[1] Anderson Township Zoning Resolution, Article XXXI, Sections 320.100.108 and 320.100.104.
[2] See Duncan v. Middlefield (1986), 23 Ohio St.3d 83, 86,491 N.E.2d 692.
[3] See R.C. 2506.03(A)(5).
[4] Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 465 N.E.2d 848.
[5] Community Concerned Citizens, Inc. v. Union Twp. Bd. of ZoningAppeals (Dec. 2, 1991), 12th Dist. No. CA91-01-009.
[6] Kisil, supra, 12 Ohio St.3d at 34, 465 N.E.2d 848.
[7] Nichols v. Hinckley Twp. Bd. of Zoning Appeals (2001),145 Ohio App.3d 417, 421, 763 N.E.2d 229.
[8] Duncan, supra.