DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that affirmed the decision of the Spencer Township Board of Zoning Appeals regarding appellant's violation of a township zoning regulation prohibiting the use of storage racks visible over the salvage yard fence. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appellant LaPoint Discount Auto Parts sets forth the following assignments of error:
 {¶ 3} "I. The Court of Common Pleas abused its discretion when it found that the decision of the Spencer Township Board of Zoning Appeals was supported by reliable, probative and substantial evidence and therefore, was not arbitrary and capricious.
 {¶ 4} "II. The Court of Common Pleas abused its discretion when it found that the Spencer Township Board of Zoning Appeals' selective application of Section 1315.05 of the zoning resolutions was not confiscatory and did not deprive appellant of the use of its property.
 {¶ 5} "III. The Court of Common Pleas abused its discretion when it found that the Spencer Township Board of Zoning Appeals' enforcement of Section 1315.05 of the zoning resolutions was not selective and did not violate appellant's equal protection rights.
 {¶ 6} "IV. The Court of Common Pleas abused its discretion when it found that the failure of the board to consider the factors enumerated in Spencer Township Zoning Resolution Section 2304 did not warrant a reversal of the board's decision."
 {¶ 7} On July 8, 2002, appellant, a motor vehicle salvage yard, was served by the Spencer Township zoning inspector with a notice of violation for having automobile storage racks exceeding the height of the fence surrounding the property. It is undisputed that appellant's storage racks are 16 feet high, while the fence surrounding the property is only 8 feet high, the minimum height required by the township zoning resolution. The zoning resolution states that storage of materials shall not exceed the height of the surrounding walls or fences, which must be between 8 and 10 feet high, and requires that stored vehicles and parts shall be out of view of the public. Appellant requested an appeal of the notice of violation and a variance to allow the racks to remain in place. This matter was heard by the Spencer Township Board of Zoning Appeals ("board") on August 22, 2002. The board denied the appeal, finding that the storage racks exceeded the legal limit by 8 feet, and instructed appellant to either remove the racks or lower them. Appellant then appealed to the Lucas County Court of Common Pleas pursuant to R.C. Chapter 2506. By judgment entry filed June 2, 2002, the trial court affirmed the decision of the board and denied the appeal. Appellant filed a timely appeal to this court.
 {¶ 8} The scope of review by the trial court is set forth in R.C.2506.04, which requires the court to examine the "substantial, reliable and probative evidence on the whole record." The Supreme Court of Ohio has stated that "[a] court of common pleas should not substitute its judgment for that of an administrative board, such as the board of zoning appeals, unless the court finds that there is not a preponderance of reliable, probative and substantial evidence to support the board's decision." Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34. The Supreme Court of Ohio pointed out in Dudukovich v. Housing Authority (1979),58 Ohio St.2d 202, 207, that "the key term is `preponderance.'" As to the scope of review by the appellate courts, the Dudukovich court found that "in determining whether the standard of review prescribed by R.C. 2506.04
was correctly applied by the Court of Common Pleas, both [the Supreme Court] and the Court of Appeals have a limited function." Id.
 {¶ 9} An appeal to the court of appeals pursuant to R.C. 2506.04 is more limited in scope than an appeal of a board of zoning appeals to the court of common pleas and requires the appeals court to affirm the common pleas court unless it finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence. Kisil, supra, at 34. In making such a finding, this court applies an abuse of discretion standard. Nichols v.Hinkley Twp. Bd. of Zoning Appeals (2001), 145 Ohio App.3d 417, 421. An abuse of discretion connotes more than an error of law or judgment; it implies that the action of the trial court was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Therefore, this court must affirm the trial court unless we find that the lower court abused its discretion in determining that the decision of the board of zoning appeals was supported by a preponderance of reliable, probative and substantial evidence.
 {¶ 10} The following sections of the Spencer Township Zoning Resolution are relevant to this appeal:
 {¶ 11} "1315 Motor Vehicle Salvage Yards
 {¶ 12} "* * *
 {¶ 13} "1315.02 Storage
 {¶ 14} "* * *
 {¶ 15} "All loading and unloading of vehicle/parts and/or temporary storage of these items shall occur within the salvage yard behind the required fencing and out of view of the public.
 {¶ 16} "* * *
 {¶ 17} "1315.05 Fencing and Screening
 {¶ 18} "Any area used as a motor vehicle salvage yard or junk yard shall be effectively screened on all sides by means of walls, fences and plantings. Walls or fences shall be a minimum of eight (8') feet in height and a maximum of ten (10') feet in height with no advertising thereon. Storage of materials shall not exceed this height. A strip of land not less than fifteen (15') feet in width on the perimeter of the yard shall be planted and maintained with evergreen hedges or other plant material with year round foliage. The plant material shall be equal to or greater than the height of the fence or wall at the time of planting."
 {¶ 19} As its first assignment of error, appellant asserts that the trial court erred by finding that the board's decision was supported by reliable, probative and substantial evidence. Appellant argues that while Section 1315.05 prohibits the storage of material above the height of the fence, Section 1315.02 only requires that the materials be stored behind the fencing and out of the public's view. Arguably, appellant continues, under Section 1315.02 the placement of large evergreens to shield the stored auto parts would permit the use of the 16-foot racks. We agree with the trial court that there is nothing in the zoning resolution to indicate that the two sections are mutually exclusive and that appellant clearly violated Section 1315.05 by installing the 16-foot storage racks. According to the minutes of the August 22, 2002 appeals meeting, the evergreen trees planted in front of the fence were then only four feet tall. Obviously, those trees would not shield the 16-foot racks from public view and probably would not for at least several years to come, if ever. Regardless of the height of the evergreens, however, the 16-foot racks were visible to the public for eight feet above the top of the fence in clear violation of Sections 1315.02 and 1315.05.
 {¶ 20} Appellant also appears to argue that the racks are an "accessory structure" as defined by the zoning resolution and that, as such, they can exceed the height of the fence as long as they are completely shielded from view. This argument is without merit since it is undisputed that the car parts were not shielded from view at the time of the violation.
 {¶ 21} Based on the foregoing, appellant's first assignment of error is not well-taken.
 {¶ 22} In its second assignment of error, appellant asserts that the trial court erred by finding that the board's application of Section1315.05 was not confiscatory and did not deprive him of the use of his property. Appellant argues that the use of the storage racks is customary and vital to its business. A review of the record shows, however, that the board did not prohibit appellant from using the storage racks. The board gave appellant the option of either removing the racks or lowering them to conform with the zoning resolution. Appellant clearly was not deprived of the use of its property. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 23} In its third assignment of error, appellant asserts that the trial court erred by finding that the board's enforcement of the resolutions was not selective and did not violate its equal protection rights. Appellant argues that the trial court never addressed this issue and that its decision to uphold the findings of the zoning board was therefore arbitrary. The trial court did, however, consider this issue prior to making its finding that there was no evidence before the court that other salvage yards and homes located in Spencer Township had not been cited for similar zoning violations. Accordingly, appellant's third assignment of error is not well-taken.
 {¶ 24} In its fourth assignment of error, appellant asserts that the trial court erred by finding that the zoning board properly considered the factors listed in Section 2304 of the zoning resolution for determining whether a variance should be given.
 {¶ 25} Appellant argues that instead of reviewing the variance request pursuant to Section 2304,
 {¶ 26} the board summarily denied it based on appellant's alleged noncompliance with Section 1315.05. Appellant concludes that this failure led to a decision that was not supported by substantial, reliable and probative evidence.
 {¶ 27} Section 2304 of the zoning resolution states that the board may authorize a variance "* * * where, owing to specific conditions, a literal enforcement of the Resolution will result in unnecessary hardship, and so that the spirit of the Resolution shall be observed and substantial justice done." The section sets forth seven factors for the board to consider when asked for a variance.
 {¶ 28} It is a fundamental principal of Ohio zoning law that the party challenging a zoning law has the burden of demonstrating the unreasonableness of the resolution. Valley Auto Lease of Chagrin Falls,Inc. v. Auburn Township Bd. of Zoning Appeals (1988), 38 Ohio St.3d 184,185. The trial court in this case found that appellant had not met that burden and noted that the fact that each of the elements set forth in Section 2304 was not acknowledged in the minutes of the board's meeting does not indicate that the board did not consider those elements. The trial court noted that there was evidence before it that would support the board's decision when considered in light of the Section 2304 factors. Further, Section 2304 does not state that a zoning board's decision to deny a variance is invalid for failure to make an express finding as to each condition. Based on the foregoing, we find that the trial court did not err by ruling that the board's decision did not warrant a reversal on this basis. Accordingly, appellant's fourth assignment of error is not well-taken.
 {¶ 29} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J., Richard W. Knepper, J., Mark L. Pietrykowski,J., Concur.