DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal of a child custody case from the Lucas County Court of Common Pleas, Juvenile Division, in which appellee, Monty G., was awarded sole custody of his minor child. Because we conclude that the trial court did not abuse its discretion in adopting the magistrate's decision, we affirm.
 {¶ 2} The facts giving rise to this appeal are as follows. Appellant, Stacy H., and appellee are the parents of one daughter born July 14, 1994. The parties were married but separated in 1996, when their second child suffered severe injuries and died while under appellant's supervision. Appellant was criminally charged with that death. On
 {¶ 3} December 31, 1996, The Lucas County Children Services Board filed a complaint in dependency regarding the parties' remaining child. Following a dispositional hearing on March 19, 1997, legal custody of the parties' remaining child was awarded to her paternal grandparents. Appellant was ultimately acquitted in the death of her second child.
 {¶ 4} On September 17, 2001, by agreement of the parties and the paternal grandparents, the trial court awarded appellee custody of his daughter. The order granted appellant visitation rights. On July 22, 2003, appellant filed a motion to show cause seeking a reallocation of parental rights. Specifically, appellant alleged that appellee violated court visitation and medical orders.
 {¶ 5} On March 30, 2005, a magistrate filed a decision recommending that appellee remain the custodial parent. The magistrate also recommended that appellee be awarded the tax exemption. On April 13, 2005, appellant filed objections to the magistrate's decision. On May 13, 2005, the trial court denied appellant's objections to the magistrate's decision and entered judgment adopting the magistrate's March 30 decision. Appellant now appeals setting forth the following assignments of error:
 {¶ 6} "I. The trial court erred as a matter of law, abused its discretion and ruled against the manifest weight of evidence, when it Ordered [sic] the retention of the appellee/father as the minor child's sole residential parent and legal custodian;
 {¶ 7} "II. The trial court erred as a matter of law when it issued its "rubber-stamped" Judgment Entry, file stamped, and journalized May 13, 2005, without its own independent review and analysis; and
 {¶ 8} "III. The trial court erred as a matter of law when it awarded the single tax exemption to appellee/father."
 {¶ 9} In her first assignment of error, appellant contends that the court's decision awarding custody to appellee is against the manifest weight of the evidence. We disagree.
 {¶ 10} As appellant correctly points out, when reviewing a trial court's judgment on child-custody cases, the appropriate standard of review for an appellate court is whether the trial court abused its discretion. Masters v. Masters (1994),69 Ohio St.3d 83, 85. To find abuse of discretion, an appellate court must find that the court's attitude was unreasonable, arbitrary, or unconscionable. Miller v. Miller (1988), 37 Ohio St.3d 71,73-74. An appellate court must give such discretion to the trial court in these cases because of the nature and significance of the proceeding, and because the trial court is in a unique position to weigh the credibility of witnesses and evidence.Id. at 74.
 {¶ 11} To modify an allocation of parent rights a trial court must determine that the modification is in the best interests of the child and that there has been a change in circumstances.Neel v. Neel (1996), 113 Ohio App.3d 24, 35; R.C.3109.04(E)(1)(a). R.C. 3109.04(E)(1)(a) further states that modification requires a determination of the best interests of the child and one of the following: (1) the residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent; (2) the child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated
 {¶ 12} into the family of the person seeking to become the residential parent; or (3) the harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
 {¶ 13} Appellant argues that neither the magistrate nor the guardian ad litem addressed whether there had been a change in circumstances in that the child is afraid of appellee and wishes to live with appellant. Our review of the magistrate's decision shows that these issues were addressed. In her decision, the magistrate found that the child has concerns about living with appellee because he strictly enforces the rules of the home and has used physical punishment and strong talk when the child disobeys. In addition, the magistrate found that the child has expressed a desire to live with appellant because she views her as reliable, trustworthy, and fun.
 {¶ 14} The magistrate made the conclusion that there had been a change in the circumstances of this child. However, the magistrate concluded that it was not within the bests interests of this child to make a modification to the parental custodian of the child. R.C. 3109.04(F)(1) requires the court to consider the following factors when determining the best interests of the child: the wishes of the child's parents regarding the child's care; the wishes and concerns of the child; the child's relationship with the child's parents, siblings, and other persons likely to affect the child's best interest; the child's adjustment to her home, school, and community; the mental and physical health of all persons involved in the situation; the person more likely to honor and facilitate visitation and companionship; and whether either parent has failed to make all court ordered child support payments.
 {¶ 15} The magistrate's findings of fact pertinent to this case are: (1) the child has expressed a desire to live with her mother to appellant and to her psychologist; (2) appellee has been the legal custodial parent of this child since September 17, 2001; (3) appellee does not desire a change in the allocation of the parenting rights; (4) appellant failed to disclose to appellee that a relative had attempted to sexually abuse the child at the home of her paternal grandparents; (5) the child is well adjusted to her home, school, and community with appellee; (6) appellee has allowed visitation for appellant in excess of court order many times; (7) appellant would not allow extra time to appellee if appellant was granted legal custodian; (8) appellant took the child to a psychologist without appellee's knowledge or permission; and (9) appellant, as of May 31, 2004, owed $3442.15 in child support. On these facts, the magistrate determined that it was within the best interests of this child that appellee remain residential parent and legal custodian. A review of the facts in this case does not support a finding that the court abused its discretion in denying appellant's request to change custody.
 {¶ 16} The magistrate also found that the final requirement of R.C. 3109.04(E)(1)(a) had not been satisfied. The magistrate found that the appellant failed to show that the residential parent (appellee) agreed to a change in the residential parent, that the child had been integrated into the family of the person seeking to become the residential parent, or that the harm likely to be caused by a change in environment outweighed the advantages of the change in environment to the child. The findings of fact in the record indicate that appellee did not agree to a change in the residential parent. Also, there is no evidence from the record that the child has been integrated in appellant's home.
 {¶ 17} In this case there are many facts, outlined above, which weigh in favor of change of custody and weigh against change of custody. Because the magistrate and trial court are awarded much discretion in their findings in custody cases, this court will not, and should not, usurp the findings or duties of those courts absent an unreasonable, arbitrary, or unconscionable decision. Upon review of the record in this case, we cannot say that the judge's decision to adopt the magistrate's decision, or the magistrate's decision itself, was unreasonable, arbitrary, or unconscionable. Therefore, appellant's first assignment of error is not well taken.
 {¶ 18} In her second assignment of error, appellant argues that the trial court erred as a matter of law when it failed to conduct its own independent review of the magistrate's decision. We find appellant's argument unsupported by the record.
 {¶ 19} Appellant directs this Court to Ohio Juv.R. 40 for the position that a trial court is required to conduct an independent review of the magistrate's findings. Because Juv.R. 40 is substantively the same rule as Ohio Civ.R. 53, the rules governing magistrates, we review this argument under precedent considering Civ.R. 53.
 {¶ 20} A party alleging error by the trial court under Civ.R. 53 has an affirmative duty to demonstrate that the trial court failed to conduct an independent review of the magistrate's findings. Mahlerwein v. Mahlerwein, 160 Ohio App.3d 564,2005-Ohio-1835, at ¶ 47. Here, appellant merely argues that the trial court failed to articulate in either its interim or final judgment entry that the trial court conducted an independent review of the magistrate's findings. It is on this basis alone that appellant argues an independent review was not undertaken.
 {¶ 21} As an appellate court, we generally presume the regularity in the proceedings below, and thus, we presume that the trial court properly conducted an independent review of the magistrate's findings. Id. While appellant alludes to the lack of language in the interim or final judgment entry, we find that this is not enough to affirmatively demonstrate that the trial court failed to conduct an independent review of the magistrate's findings. An affirmative duty requires more than a mere inference, it requires appellant to provide the reviewing court with facts to rebut our general presumption. Here, appellant has failed to do so. Therefore, we find appellant's second assignment of error not well taken.
 {¶ 22} In her third assignment of error, appellant argues that the trial court erred as a matter of law when it awarded the single tax exemption to appellee. An appellate court reviews a trial court's allocation of tax exemptions between parents under an abuse of discretion standard. Eickelberger v. Eickelberger
(1994), 93 Ohio App.3d 221, 225-26.
 {¶ 23} Appellant asserts that the trial court erred by failing to grant her the tax exemption. However, the general rule is that the tax exemption may be awarded to a non-custodial parent only when doing so serves the best interests of the child.Bobo v. Jewell (1988), 38 Ohio St.3d 330, 332; R.C. 3119.82. The best interests of the child may be furthered when the non-custodial parent's taxable income falls into a higher tax bracket than the custodial parent's taxable income. Singer v.Dickinson (1992), 63 Ohio St.3d 408, 415-16.
 {¶ 24} In addition, R.C. 3119.82 provides that, "In cases in which the parties do not agree which parent may claim the [child] as dependent, the court shall consider, in making its determination, any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the [child]."
 {¶ 25} In Heyman v. Heyman, 10th Dist. No. 05AP-475,2006-Ohio-1345, at ¶ 464-7, the Tenth District Court of Appeals found that the trial court abused its discretion when it ruled that the parties share the tax deduction for their minor child. The reviewing court found that because the trial court failed to discuss any of the enumerate factors in R.C. 3119.82 and there was no discussion of the bests interests of the child when deciding that the tax exemption should alternate between the parties, the trial abused its discretion. Id. at ¶ 47.
 {¶ 26} The distinction between Heyman and this case is that in Heyman the trial court was modifying the allocation of the tax exemption to include the non-custodial parent. Here, however, the trial court did not award the non-custodial parent the tax exemption. In addition, the plain language of the statute does not require the trial court to state its reasons for awarding the tax exemption. Streza v. Streza, 9th Dist. No. 05CA008644,2006-Ohio-1315, at ¶ 12. Because the trial court decided to continue to award appellee the tax exemption, it was not required to state in the decision the factors it considered.
 {¶ 27} A review of the record indicates that appellant has never been awarded the tax exemption for this child. Further, appellee has received this tax exemption in the past and receives tax exemptions for two other children. However, the best interest of the child is the main factor in determining whether to award the non-custodial parent the tax exemption. Because we find that the trial court's decision was not unreasonable or arbitrary, we find the appellant's third assignment of error not well taken.
On consideration whereof, the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Parish, J., concur.