[Cite as *AMG Truck Properties, L.L.C. v. Granger Twp. Bd. of Zoning Appeals*, 2020-Ohio-6789.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF MEDINA | ) | | |

AMG TRUCK PROPERTIES, LLC

    Appellant

    v.

GRANGER TOWNSHIP BOARD OF
ZONING APPEALS

    Appellee

C.A. No.    20CA0009-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    18 CIV 1218

DECISION AND JOURNAL ENTRY

Dated: December 21, 2020

HENSAL, Judge.

{¶1} AMG Truck Properties, LLC ("AMG") appeals a judgment of the Medina County Court of Common Pleas that affirmed a decision of the Granger Township Board of Zoning Appeals ("the Board"). For the following reasons, this Court affirms.

I.

{¶2} AMG desired to purchase a piece of property along Route 18 in Granger Township so that a related company could sell commercial trucks on it. Because the sale of vehicles was a conditional use of the parcel, AMG filed an application with the Board to seek approval of its plans. Following three hearings on the matter, the Board denied AMG's application. AMG appealed to the common pleas court, but it affirmed the Board's decision. AMG has appealed, assigning five errors. This Court will address the second assignment of error first.

II.

ASSIGNMENT OF ERROR II

THE COMMON PLEAS COURT ERRED AS A MATTER OF LAW BY AFFIRMING THE IMPROPER APPLICATION BY THE GRANGER TOWNSHIP BOARD OF ZONING APPEALS OF A HEIGHT REQUIREMENT FOR SCREENING OF APPELLANT'S TRUCKS UNDER ART. III, SECTION 304(E)(2)(C) AND (D) OF THE GRANGER TOWNSHIP ZONING RESOLUTION WHEN THIS RESTRICTION DID NOT APPLY TO THE CONDITIONALLY PERMITTED USE SOUGHT BY APPELLANT UNDER SECTION 501(B)(2)(L).

{¶3}    In its second assignment of error, AMG argues that the common pleas court incorrectly determined that the Board correctly found that its application did not satisfy the screening requirements for outdoor storage.  Under Revised Code Section 2506.04, a common pleas court reviews a decision of a political subdivision agency to determine if it was "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record."  The common pleas court's decision is appealable to this Court on "questions of law[.]"  R.C. 2506.04.  "An appeal to the court of appeals, pursuant to R.C. 2506.04, is more limited in scope and requires [the appellate court] to affirm the common pleas court, unless [it] finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence."  *Kisil v. City of Sandusky*, 12 Ohio St.3d 30, 34 (1984).  That "does not include the same extensive power to weigh 'the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court."  *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147 (2000), quoting *Kisil* at 34, fn. 4.

{¶4}    In its findings of fact and conclusions of law, the Board identified three reasons that AMG's application failed to comply with the Township's zoning resolution.  First, it found that not all of the proposed activity areas would be at least 100 feet from the property lines of the parcel.

Second, it found that the outdoor storage area would not be properly screened. Third, it found that the plan did not depict that the outdoor storage area would be paved. The common pleas court likewise determined that AMG's application did not comply with the Township's 100-foot setback, outdoor storage screening, and paving requirements. It, therefore, concluded that the Board's decision was not arbitrary, capricious, unreasonable, or unsupported by a preponderance of substantial, reliable, and probative evidence.

{¶5} Regarding the screening of the outdoor storage area, the property that AMG intended to buy is zoned C-2 General Commercial District. The regulation for C-2 properties includes a requirement that outdoor storage "shall be completely screened from adjoining properties by a solid wall or fence. Such wall or fence shall be a minimum of six (6) feet in height and a maximum of twelve (12) feet in height." The regulation also provides that the Board may approve an alternative screening method if it provides an equivalent level of screening. There is also a provision that "[n]o material shall be stored in such a manner as to project above the wall or fence except as specifically authorized by the Board[.]"

{¶6} AMG argues that it complied with the screening requirement because its plan included a six-foot tall fence around the proposed outdoor storage area. The Board found that the fence was insufficient because the testimony indicated that some of the trucks AMG planned to store in the area were 10 feet tall and, thus, would not be adequately screened. The common pleas court also determined that a six-foot tall fence would not completely screen the trucks AMG intended to sell.

{¶7} AMG argues that the language in the regulation requiring that the outdoor storage be "completely screened" only refers to the transparency of the fencing and the fact that adjacent properties must not be able to see through the wall or fence. It argues that the regulation only

prohibits "material" from projecting above the wall or fence and that its fully-assembled trucks do not qualify as "material."

{¶8} The regulation for C-3 commercial zones also contains an outdoor storage provision. As with the C-2 regulation, it provides that no material shall be stored in such a manner as to project above the required 6- to 12-foot high wall or fence "with the exception of two (2) currently licensed vehicles per acre lot size and mechanical equipment or as specifically authorized by the Zoning Inspector." The fact that the C-3 regulations provide licensed-vehicles and mechanical-equipment exceptions to its general restriction on material storage implies that vehicles and mechanical equipment are "material" under the zoning resolution. Because the C-2 regulations do not contain an exception for vehicle and equipment similar to the C-3 exception, we conclude that the common pleas court did not err when it determined that AMG's proposal did not include adequate screening of the outdoor storage area. AMG's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

THE COMMON PLEAS COURT ABUSED ITS DISCRETION IN AFFIRMING THE DENIAL OF APPELLANT'S CONDITIONALLY PERMITTED USE APPLICATION BY THE GRANGER TOWNSHIP BOARD OF ZONING APPEALS BY IGNORING THE CLEAR AND UNAMBIGUOUS TESTIMONY OF APPELLANT THAT IT WOULD PAVE THE AREA DESIGNATED FOR "STORAGE" ON ITS SITE PLAN.

{¶9} In its third assignment of error, AMG argues that the Board and common pleas court ignored its testimony that the outdoor storage area would be paved. Although AMG concedes that the site plan it submitted did not indicate that the area would be paved, it notes that both of its owners testified that AMG would pave the area. AMG argues that the Board and common pleas court ignored their testimony in ruling on its application.

{¶10} AMG's original application did not include a designated outdoor storage area. Following a hearing on its application, it submitted a second application and a site plan, which also did not include a designated outdoor storage area. Following another hearing on its application, it submitted a new site plan, which included a marked outdoor storage area for the first time. The new site plan, however, did not indicate that the outdoor storage area would be paved even though AMG intended to store vehicles on it and the regulations for uses involved in the sale, service, and repair of vehicles provides that "[t]he vehicle * * * sales, display, storage, maintenance, and customer parking areas shall be paved."

{¶11} The conditional zoning permit regulations provide that the Board "shall review the proposed development as presented on the submitted plans and specifications, in terms of the standards established in this Resolution." It is not disputed that the regulations require vehicle storage areas to be paved and that the site plan that AMG submitted to the Board did not indicate that its proposed outdoor storage area would be paved. We, therefore, conclude that the common pleas court did not err when it determined that AMG's plan did not meet the requirements for outdoor storage areas. AMG's third assignment of error is overruled.

ASSIGNMENT OF ERROR I

THE COMMON PLEAS COURT ERRED AS A MATTER OF LAW BY AFFIRMING THE IMPROPER DETERMINATION OF THE GRANGER TOWNSHIP BOARD OF ZONING APPEALS THAT ALL STRUCTURES AND ACTIVITY AREAS MUST BE AT LEAST 100 FEET FROM ALL PROPERTY LINES UNDER ART. V, SECTION[ ] 501(B)(2) OF THE GRANGER TOWNSHIP ZONING RESOLUTION WHEN THIS RESTRICTION, BY ITS EXPRESS TERMS, DOES NOT APPLY TO THE CONDITIONALLY PERMITTED USE SOUGHT BY APPELLANT UNDER SECTION 501(B)(2)(L).

{¶12} In its first assignment of error, AMG argues that the common pleas court incorrectly affirmed the Board's determination that all structures and activity in the proposed use must be at

least 100 feet from all property lines. AMG argues that the Board and common pleas court misinterpreted the zoning resolution. Under the regulation for the C-2 General Commercial District, the sale, service, and repair of vehicles is a conditionally permitted use. There is a different article of the zoning resolution that addresses conditional zoning permits. One of the sections of that article addresses "Specific Regulations Pertaining to Certain Conditionally Permitted Uses[.]" One of the regulations within that section is that all structures and activity areas shall be located at least 100 feet from property lines.

{¶13} AMG argues that the sale, service, and repair of vehicles is not one of the "Certain" conditionally permitted uses subject to the 100-foot setback requirement. It notes that the section containing that requirement proceeds to have separate subsections addressing each type of conditionally permitted use. For example, there are different subsections for schools, places of worship, nursing homes, funeral homes, and mini-storage facilities. There is also a separate subsection for the sale, service, and repair of vehicles. Some of the subsections contain a 100-foot setback requirement but others do not. Specifically, the schools, places of worship, nursing homes, and funeral homes subsections each contain a provision that "[a]ll structures and all parking, loading, storage, outdoor use areas, and other uses shall be located at least one hundred (100) feet from all property lines * * *." The subsections for private training schools, mini-storage facilities, gas stations, and the sale, service, and repair of vehicles, however, do not have such language. AMG, therefore, argues that the sale, service, and repair of vehicles is not one of the "Certain Conditionally Permitted Uses" to which a 100-foot setback requirement applies.

{¶14} We conclude that it is not necessary to resolve whether AMG's proposed use was subject to a 100-foot setback requirement. In light of AMG's plan's failure to meet either the screening or paving requirements for outdoor storage areas, even if the common pleas court

improperly determined that the property is subject to a 100-foot setback, the error was harmless. Civ.R. 61. AMG's first assignment of error is overruled.

ASSIGNMENT OF ERROR IV

THE COMMON PLEAS COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN FINDING THAT THE TESTIMONY AND IMPROPER PARTICIPATION OF THE GRANGER TOWNSHIP TRUSTEE IN THE HEARING ON APPELLANT'S APPLICATION FOR CONDITIONALLY PERMITTED USE BEFORE THE GRANGER TOWNSHIP BOARD OF ZONING APPEALS WAS NOT PREJUDICIAL.

{¶15} In its fourth assignment of error, AMG argues that the common pleas court should have recognized that the Board's decision was influenced by the active participation of one of the Township's trustees at the public hearings. It argues that the fact that the Board incorporated some of the trustee's statements into its decision establishes that the conflict of interest contaminated the Board's decision. The common pleas court concluded that, even if it was improper for the trustee to participate in the hearings, that did not change the fact that AMG's application did not comply with the zoning resolution's setback, storage, and paving requirements. Thus, any statements by the trustee did not affect the correctness of the Board's decision.

{¶16} AMG argues that the trustee's participation was inherently prejudicial but does not identify how any of his statements affected the Board's determination that AMG's application did not meet the applicable setback, screening, and paving requirements. Instead, AMG notes that the trustee made statements about the depth of the rear yard, about the size of the outdoor storage area, about the size of parking spaces, about whether AMG could store vehicles on the property, about what the zoning inspector had advised, about a temporary display area, about whether the outdoor storage area could contain inventory, about whether AMG's proposed use was harmonious with the surrounding area, and about whether AMG operated a junkyard in a different county. He also

gave advice at the first public hearing about how consideration of AMG's application should proceed.

{¶17} AMG's argument that it suffered prejudice from the trustee's statement hinges on its assertion that its first three assignments of error "demonstrate[ ] that the other grounds for denying the Application were not supported by substantial, reliable, and probative evidence." This Court, however, has overruled those assignments of error. Upon review of the record, we conclude that AMG has not established that the common pleas court erred when it determined that the trustee's participation at the public hearing was not prejudicial because it did not involve the setback, screening, and paving requirements that were the basis of the Board's decision. AMG's fourth assignment of error is overruled.

ASSIGNMENT OF ERROR V

THE COMMON PLEAS COURT ABUSED ITS DISCRETION BY APPARENTLY FAILING TO REVIEW THE RECORD AND OTHERWISE CONSIDER THE APPELLANT'S APPEAL OF THE DENIAL OF ITS APPLICATION FOR CONDITIONALLY PERMITTED USE PERMIT BY THE GRANGER TOWNSHIP BOARD OF ZONING APPEALS.

{¶18} In its fifth assignment of error, AMG argues that the common pleas court failed to conduct a proper review under Section 2506.04 because its decision is simply a reproduction of the brief the Board submitted, even including the same typographical errors and citations to statutes that are inapplicable to this case. It also argues that the court's decision does not make any citations to the record and includes mischaracterizations of the record, further implying that it did not undertake a meaningful review of the appeal. It argues that the court's laxness was worsened by the fact that the Board's brief misrepresented or mischaracterized some of the testimony presented at the hearings.

{¶19} A comparison between the Board's brief and the common pleas court's decision reveals that the court undoubtedly used many parts of the Board's brief in crafting its decision. That fact alone, however, does not mean that the court failed to comply with Section 2506.04. We note for example that the court resolved AMG's argument regarding the trustee's alleged improper influence differently than the Board argued. Whereas the Board argued that the trustee was allowed to attend and participate in the hearing and that there was nothing prejudicial about his testimony, the court concluded that, even if it was error to allow the trustee's statements, it did not affect the correctness of the Board's decision. In addition, none of the alleged errors that were incorporated into the court's decision from the Board's brief relate to the three grounds that the court gave for upholding the Board's decision. Accordingly, we conclude that any alleged error by the common pleas court in using parts of the Board's brief in its decision was harmless. The court did not err when it concluded that AMG did not meet the requirements of the Township's zoning resolution to obtain a conditional use certificate. AMG's fifth assignment of error is overruled.

III.

{¶20} AMG's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

CALLAHAN, P. J.
SCHAFER, J.
CONCUR.


APPEARANCES:

BRIAN K. SKIDMORE, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and BRIAN RICHTER and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorneys, for Appellee.