[Cite as *Scott v. Green*, 2025-Ohio-2669.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| JOYCE SCOTT | | C.A. No.     31393 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CITY OF GREEN | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No.     CV-2024-06-2476 |

DECISION AND JOURNAL ENTRY

Dated: July 30, 2025

---

SUTTON, Judge.

{¶1}     Joyce Scott appeals an order of the Summit County Court of Common Pleas.  For the following reasons, this Court affirms.

I.

**Relevant Background**

{¶2}     This appeal arises from Ms. Scott's R.C. 2506 administrative appeal to the Summit County Court of Common Pleas regarding a final order of the City of Green Board of Zoning Appeals ("BZA") which upheld an order of the City of Green requiring Ms. Scott to demolish her property located at 4977 Massillon Road.  Specifically, after a hearing on the matter, the BZA upheld a notice of violation issued by the City's zoning division finding Ms. Scott's 4977 Massillon Road property was in violation of the Dangerous Building Code under Green Cod. Ord. 153.096-153.097 and requiring Ms. Scott to demolish the property within 35 days.  After the matter was fully briefed, the trial court affirmed the BZA's decision to uphold the notice of violation stating

in-part, "[Ms. Scott's] Assignments of Error are largely devoid of any legal or factually-based rationale."

{¶3}     Ms. Scott appealed raising one assignment of error for our review.

## II.

### ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED AS A MATTER OF LAW BY USING THE INCORRECT STANDARD OF REVIEW IN DECIDING THE R.C. 2506 ADMINISTRATIVE APPEAL OF APPELLANT JOYCE SCOTT OF THE MAY 30, 2024 DECISION OF THE CITY OF GREEN BOARD OF ZONING APPEALS.**

{¶4}     In her sole assignment of error, Ms. Scott makes the limited argument that the trial court erred in affirming the BZA's decision because the trial court used an incorrect standard of review.   Specifically, Ms. Scott argues the trial court did not determine whether the BZA's determination was supported by a "preponderance" of the evidence and "took a narrow view of the BZA record, limiting its use of the term 'substantial' to a lone reference."

{¶5}     Pursuant to R.C. 2506.04, a common pleas court reviews a decision of a political subdivision agency to determine if it was "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." The common pleas court's decision is appealable to this Court on "questions of law[.]" *AMG Truck Props., LLC v. Granger Twp. Bd. of Zoning Appeals*, 2020-Ohio-6789, ¶ 3 (9th Dist.), quoting R.C. 2506.04. "An appeal to the court of appeals, pursuant to R.C. 2506.04, is more limited in scope and requires [the appellate court] to affirm the common pleas court, unless [it] finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence." *AMG Truck Props., LLC* at ¶ 3, quoting *Kisil v. City of Sandusky*, 12 Ohio St.3d 30, 34 (1984). That "does not include the same

extensive power to weigh 'the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." *AMG Truck Props., LLC* at ¶ 3, quoting *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147 (2000), quoting *Kisil* at 34, fn. 4.

{¶6}    A review of the trial court's order in this matter reveals it states the correct legal standard of review for a R.C. 2506 administrative appeal:

> The final order or decision of a board of any political subdivision in the state of Ohio may be reviewed by the Court of Common Pleas which sits in the same county in which the principal office of the political subdivision is located.  Thus, R.C. Chapter 2506 confers on the common pleas courts the power to examine the whole record, make factual and legal determinations, and reverse the board's decision if it is not supported by a preponderance of substantial, reliable, and probative evidence.

(Internal citations omitted.)    The trial court then analyzed each of Ms. Scott's 10 assigned errors as to the BZA's decision. Based upon the record and the law, the trial court determined Ms. Scott's assigned errors had no merit.  "[A] general principle of appellate review is the presumption of regularity; that is, a trial court is presumed to have followed the law unless the contrary is made to appear in the record."  *Werts v. Werts*, 2007-Ohio-4279, ¶ 16 (9th Dist.).  Accordingly, a party asserting error bears the burden of affirmatively demonstrating the trial court's failure to follow the law.  *See Freeman v. Freeman*, 2007-Ohio-6400, ¶ 53 (9th Dist.).  *See also Li v. Du*, 2022-Ohio-917, ¶ 26 (9th Dist.), quoting *In re Taylor G.*, 2006-Ohio-1992, ¶ 21 (6th Dist.)  ("An affirmative duty requires more than a mere inference, it requires appellant to provide the reviewing court with facts to rebut our general presumption.").

{¶7}    Here, Ms. Scott did not provide this Court with facts to rebut the presumption that the trial court followed the law as stated in R.C. 2506.04, which is also cited in the trial court's order.  Instead, Ms. Scott argued the trial court used an incorrect standard of review because it referred to "substantial evidence" pertaining to Ms. Scott's claims that the BZA denied her the

"right and opportunity to introduce competent evidence in support of her position," and "unreasonably limiting [her] proofs." In its analysis of Ms. Scott's argument, the trial court stated: "according [to the City of] Green, the [BZA] took substantial evidence and testimony from [Ms. Scott and her brother] into consideration." To that end, the trial court concluded, "[t]here is nothing *in the record* that demonstrates that [Ms. Scott's] proofs were unreasonably limited nor is there anything *in the record* that would indicate that [Ms. Scott's] objections were overruled in error." (Emphasis added.) Indeed, based upon the foregoing, we cannot say the trial court used the wrong standard of review or failed to review the whole record in affirming the BZA's decision. Thus, Ms. Scott did not meet her burden to affirmatively demonstrate the trial court's alleged failure to follow the law in this matter.

{¶8}     Accordingly, Ms. Scott's sole assignment of error is overruled.

### III.

{¶9}     Ms. Scott's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period

for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETTY SUTTON
FOR THE COURT

STEVENSON, P. J.
CARR, J.
CONCUR.

APPEARANCES:

BRADLEY S. LE BOEUF, Attorney at Law, for Appellant.

LISA CAREY DEAN, Attorney at Law, for Appellee.

STEPHEN W. FUNK, Attorney at Law, for Appellee.